STATE V. SAMUEL J. HATTON.

(*January* 22, 1957.)

LAYTON, J., sitting.

*Joseph Donald Craven,* Attorney-General, and *Richard J. Baker,* Deputy Attorney-General, for the State.

*James R. Morford* for the Defendant.

Superior Court for New Castle County, No. 37, Cr. A., 1956.

LAYTON, J.:

Samuel J. Hatton, a Magistrate, was indicted and tried before a jury upon two Counts, the first for knowingly, wilfully, unlawfully and corruptly appropriating monies (received from the imposition of automobile fines) to his own use and, the second, for knowingly, wilfully, unlawfully and corruptly rendering to the State Treasurer false reports as to fines collected. The jury rendered a verdict of not guilty as to the second Count but, being unable to reach an agreement as to the first Count, were discharged. Thereafter, without the consent of the defendant, the Attorney General entered a *nolle prosequi* as to Count I.

The defendant, however, challenges the right of the Attorney General to enter a *nolle prosequi* as to Count I. He has moved for the entry of a judgment of acquittal based upon the proposition that when the defendant is arraigned, pleads not guilty and the jury is impaneled, the dismissal of the indictment thereafter without the consent of the defendant amounts to an acquittal. 15 *Am. Jur.,* Sec. 402, p. 73; 22 *C. J. S.,* Criminal Law, § 255; *Hall v. State,* 3 *W. W. Harr.* 233, 134 *A.* 692.

This rule is based upon the familiar principle that a defendant, once having been placed in jeopardy, may not again be compelled to stand trial for the same offense.

 The doubt here is not the correctness of the Rule but rather the proper time for its application. As Chief Justice Pennewill stated in the *Hall* case above cited:

"The record of the justice, which is before us, speaks for itself, and must be presumed to correctly state the proceedings at the trial. We think it is the general rule of law in those states that have a constitutional provision respecting former jeopardy, similar to ours (article 1, section 8, *Constitution of* 1897) that where a defendant is placed on trial under a valid indictment and a jury is drawn and sworn to try the case, he cannot be again tried for the same offense."[1]

This statement represents the great weight of authority throughout the country. But, as the Attorney General points out, the defendant is not now faced with double jeopardy. There is no present intention to reindict upon the charge under discussion and consequently, no threat of a further prosecution which would form the basis for a plea of double jeopardy. Thus, the Attorney General argues that defendant's motion is premature.

Upon this question, the cases go both ways. *Cornero v. United States*, 9 *Cir.*, 48 *F.* 2d 69, 74 *A. L. R.* 797, for instance, indicates that something in the nature of an instructed verdict of not guilty should be at once entered.[2] On the other hand, as I read *Lee v. State*, 26 *Ark.* 260, it was not until the second indictment

---

[1]Defendant was charged before Magistrate with reckless driving but before trial was finished, the Deputy Attorney General moved that the charge be dismissed and the Magistrate granted the motion. Thereafter, over defendant's plea of double jeopardy, defendant was again charged with the same offense, tried and convicted.

[2]Defendant was indicted for a violation of the liquor laws. Upon his plea of not guilty, a jury was impaneled but the Government was unable to proceed with the case because of the absence of material witnesses. The Government's motion for a continuance was granted. Thereafter, defendant was again tried and convicted. The Circuit Court reversed.

for the same offense that defendant was permitted to plead former jeopardy. The only Delaware case which touches the point, even by analogy, is *State v. Valent*, 3 *W. W. Harr.* 399, 138 *A.* 640, 641. In that case, defendants were indicted, tried and convicted of highway robbery. Upon a motion for a new trial, but before any decision on the motion, the Attorney General entered a *nolle prosequi* as to those portions of the indictment charging highway robbery so as to leave the indictment one for simple robbery. Defendants apparently took the position that the *nolle prosequi* having been entered without their consent, they were entitled to an immediate judgment of acquittal on the charge of highway robbery. However, Judge Rodney had this to say:

"In considering the right of the Attorney General to enter a *nolle prosequi*, such right must be tested by a consideration of the necessity of obtaining (a) the consent of the defendant and (b) the consent of the Court. Now, it seems to me that the basic and underlying reason for ever requiring the consent of the defendant must be that because jeopardy having once attached by reason of the first trial, the defendant cannot again be put in jeopardy without his consent in violation of the constitutional provision and to allow him to plead to any subsequent proceedings *autrefois* acquit or *autrefois* convict, as the case may be. These pleas of *autrefois* acquit or *autrefois* convict are of a mixed nature and consist partly of a matter of record and partly of matter of fact. The matter of record is the former indictment and the conviction or acquital; the matter of fact is the averment of the identity of the offense and person. *State v. Townsend*, 2 *Harr.* 543, 547.

"In the present case, the jury rendered a general verdict of guilty, and if the foregoing be correct, *the consent or nonconsent of the defendant to the entry of the nolle prosequi need only be considered when any subsequent proceedings constituting a possible second jeopardy have arisen and will not be further considered in the present stage of this case.*" (Emphasis supplied.)

It seems to me that Judge Rodney took the position that defendants' motion for acquittal was premature and need only be considered in the event there was a second indictment for the same offense. Furthermore, in the *Cornero* and the *Valent* cases we have a somewhat different fact situation. In the former, the defendant had been forced into a second trial and convicted over his plea of double jeopardy, while in the latter, there had been a conviction preceding the *nolle prosequi* which was entered as to a portion of the offense. Here, the disagreement of the jury upon the second count left the proceeding in somewhat the same situation as if a *nolle prosequi* had been entered following defendant's indictment, but prior to a trial. Under Criminal Rule 48(a) as amended, of this Court, *Del. C. Ann.*, defendant could not object to such a procedure.[3]

I am of the opinion that defendant's motion is premature and must be denied. Whether, upon a subsequent indictment for this same offense, defendant might successfully interpose a plea of former jeopardy is not now before me for decision.

▆▆▆▆ Defendant has also moved for a judgment of acquittal upon the theory that a corrupt motive to deprive the State of fines collected was the essential legal element in each Count with the result that an acquittal on Count II amounts to an acquittal as to Count I. This point was not raised before, during or at the conclusion of the trial. It is conceded that the State cannot divide a single offense into two separate offenses and impose two punishments for the same crime. It is further conceded that a corrupt motive is a necessary element in order to establish guilt in each Count. But I am unable to agree that the two charges before me constitute either the same offense or that the corrupt motive charged against the defendant in Count I is an integral part of the charge contained in Count II. Motion denied.

---

[3] 48(a) "The Attorney General may file a *nolle prosequi* of an indictment * * * and the prosecution thereupon shall terminate."