BENJAMIN KOMINSKI, Plaintiff Below, Appellant, v. STATE OF DELAWARE, Defendant Below, Appellee.

(*October* 14, 1959.)

SOUTHERLAND, C. J., WOLCOTT and BRAMHALL, J. J., sitting.

*Benjamin Kominski,* appellant, *pro se.*

*Clement C. Wood,* Chief Deputy Attorney-General, for appellee.

Supreme Court of the State of Delaware, No. 53, 1956.

BRAMHALL, J.:

The writ of error in this case relates to numerous objections raised by appellant, acting as his own counsel, questioning the legality of his conviction upon the charge of robbery as defined

in Title 11 *Del. C.* § 811. Appellant was tried with co-defendant, Ennis Joseph. Joseph was acquitted; appellant was convicted.

At the trial below and in a former appeal to this court, 141 *A.* 2d 138, arising out of the refusal of the Superior Court to discharge appellant by reason of the alleged failure of the State to try appellant upon the charge of which he was indicted at or prior to the second term after his conviction, appellant was represented by able counsel appointed on his behalf by the Superior Court and by this court. Subsequent thereto counsel for appellant petitioned the Superior Court to be discharged from appearing in behalf of appellant in any further proceedings. His petition was granted. After the second appeal to this court, appellant filed a petition asking that this court appoint counsel to represent him in the appeal and that appellant be furnished with a transcript of the testimony of the trial. We refused to appoint further counsel, but granted appellant's request for a transcript of the record of the trial.

The facts upon which appellant's conviction was based are substantially as follows:

Appellant and two others, including a codefendant who was tried with appellant, went to the home of one Van Smothers at 1130 Walnut Street, in the City of Wilmington, in the evening, for the purpose of perpetrating a robbery. All three of the men, including appellant, were armed with pistols. They tied Smothers and two others who were present. When several other people knocked on the door and requested admittance, they were admitted but informed that this was a hold-up and to keep quiet. After considerable searching, a very substantial sum of money was found in the bag of a vacuum cleaner. Appellant was positively identified as a participant in the crime. His defense consisted of an alibi, although it was entirely uncorroborated. The jury found appellant guilty and he appeals to this court.

Appellant in his appeal cites twenty-five alleged errors in his trial. We think it sufficient to set forth only the substance thereof, as follows:

(1) Certain instructions to the jury in the absence of appellant relating to the codefendant.

(2) Failure of the court upon passing sentence to give appellant an opportunity to make a statement.

(3) Statement by the trial judge in passing sentence that appellant was an habitual criminal.

(4) Permitting jury to return to their home after court had adjourned for the day.

(5) Presence of State's witness in corridor adjoining courtroom allegedly in a position to hear testimony of other witnesses after trial judge had ordered all witnesses except the one on the witness stand to be excluded from the courtroom.

(6) Objection to the admission of statement of another involved in the crime because of length of time transpiring after his arrest.

(7) Prejudicial remarks alleged to have been made by Chief Deputy Attorney General.

(8) Displaying a .45 caliber automatic pistol in the courtroom in the presence of the jury.

(9) Failure of appellant's counsel to question the jury as to any possible connection which any of them might have with the parties or their counsel.

(10) Admission in evidence of examination of a codefendant based upon an unsigned statement of codefendant.

(11) Question of Chief Deputy Attorney General in cross-examination of witness as to whether or not witness was afraid of appellant.

(12) Question of counsel for a codefendant as to whether or not a plot against codefendant had not been hatched in the workhouse, appellant at the time in question being incarcerated therein.

(13) Alleged variance in spelling of name of appellant and in the amount alleged to have been taken from the prosecuting witness.

(14) Direction of trial judge to a State's witness not to answer a question as to whether or not his whole testimony might not be wrong.

(15) Failure of the trial judge in the absence of any request by appellant's counsel to suppress statements of prosecuting witness and others.

(16) Failure of State to put in evidence certain statements of prosecuting witnesses alleged to have been taken in Philadelphia.

(17) Alleged prejudicial statement by a police detective upon cross-examination relative to statements which had been taken as to certain aliases used by appellant.

(18) Remarks of police detective as to appellant's aliases alleged to be prejudicial to appellant.

(19) Remarks by police detective that appellant did not admit taking part in the crime, "only told him of his experiences."

(20) Alleged failure of appellant's counsel properly to check appellant's alibi by failing to get in touch with two girls in Philadelphia with whom appellant testified that he spent the time immediately preceding and at the time of the alleged robbery.

(21) Failure of State to offer testimony of some of the persons alleged to have been at the apartment of the prosecuting witness at the time of the robbery.

(22) (Appellant agreed at the argument that this be stricken.)

(23) Sentence of prosecuting witness was reduced as a consideration for his giving testimony against appellant.

(24) Attorney General's office required presence of State's witness on a number of occasions for the purpose of coercing him into giving testimony against appellant.

(25) Allegation that State failed to acquire jurisdiction of appellant upon the ground that appellant at the time he was turned over to the Delaware authorities was a Federal prisoner for unlawful flight to avoid prosecution.

We think that all of the objections of appellant are clearly without merit, many of them for more than one reason. Many are trivial and frivolous. In a number of instances, although appellant was represented by able counsel, who actively endeavored to protect his interests, no objection was made on behalf of appellant. As far as the record goes, a number of them may well be the product of appellant's imagination since there is nothing in the record to sustain them. In a number of instances they relate exclusively to a codefendant. In none of them, we think, was there any prejudice. We do not therefore consider it necessary to comment on each separate objection specifically but prefer to enumerate and consider these objections under different headings and, when necessary, to give a short explanation for our ruling as to any particular objection.

Numbers 1, 5, 7, 12, 16, 20, 21, 23, and 24. The above objections of appellant must be overruled for the reason that there is no evidence in the record to sustain appellant's contentions in these respects. In addition, we fail to find any record of any objection or motion or even comment by counsel for appellant on any of these questions. As to No. 1, relative to appellant's absence while the trial judge was giving additional instructions to the jury, the charge complained of did not relate in any manner to appellant and there was therefore no necessity of his being present. See cases cited in 23 *C.J.S.* Criminal Law § 974, p. 306, notes 91 and 92. As to No. 5, there is nothing to show that the State's witness heard the testimony of any other witness. In view of the order of the trial judge barring all other

witnesses from the courtroom, it may be presumed, in furtherance of such order, that the corridor door would be closed. Certainly there would be no presumption that the State's witness heard the testimony. As to No. 20, the addresses furnished by appellant were those of a fraternity house and auditorium of the University of Pennsylvania.

 Numbers 2, 9, 12, 15, 16 and 21. In none of the above objections was any motion made by counsel for appellant at the trial of this case. As to No. 2, appellant's counsel spoke on appellant's behalf before he was sentenced. He may have very well considered it wise not to permit appellant to speak. In any event, no such request was made by either defendant or his counsel. As to No. 9, appellant had the right to inquire as to any connections between any member of the jury and any of the parties or their counsel. But no such request was made. In addition, there is no showing of prejudice. As to No. 16, relating to statements of witnesses for the State not being introduced in evidence, no proof was submitted at the trial or later on a motion for a new trial on the ground of after-discovered evidence. There is therefore nothing before this court. As to No. 21, there is no evidence in the record that any statement was ever excluded and it is specifically denied by the Attorney General's office. It is further stated on behalf of that office that at the time of the trial of this case no one or more of the witnesses referred to was in jail in other jurisdictions and not available.

 Numbers 6, 12, 14, 18 and 19. The objections referred to here relate exclusively to a codefendant. They do not refer to appellant in any manner and we cannot see how he was possibly prejudiced. As to No. 6, objection was made to the statement referred to therein and all reference to appellant was ordered stricken by the trial judge. In No. 19 there was a motion to strike, which was granted and the jury instructed to disregard the remark.

Numbers 3, 4, 5, 8, 9, 10, 11, 13, and 14. A careful consideration of these objections shows clearly that appellant was not prejudiced thereby in any respect. As to the third objection, appellant was not convicted of being a habitual criminal; the trial judge in passing sentence referred to appellant's criminal record. It amply supported such comment. As to No. 4, it has never been the custom in Delaware to lock up juries during the progress of the trial except in capital cases. As to No. 8, an effort was made to introduce the .45 caliber automatic pistol in evidence, but, upon objection, the trial judge refused to admit it and the jury was so informed. As to No. 11, the witness was obviously reluctant. He was asked if he was afraid of appellant. He replied that he was not. There was no evidence of threats. Appellant was not prejudiced.

Numbers 4 and 8. It is sufficient to say with respect to these objections that the procedure followed was regular and in accordance with the established practice in this State and elsewhere.

We think that Objection No. 25 deserves special comment. In that objection appellant contended that at the time that he was turned over to the Delaware authorities he was a Federal prisoner and that the Federal authorities had no right to turn him over without first holding a hearing on the Federal warrant under which he was being held. Actually appellant was picked up by the Federal authorities and given a hearing before the Commissioner of the Middle District of Pennsylvania and committed to the county jail in default of bail. At that place he was turned over to the Pennsylvania State Authorities. After the issuance of a warrant signed by the Governor of this State and a hearing in Pennsylvania under extradition proceedings appellant was turned over to the Delaware authorities. There is no merit to this contention.

The judgment of the Superior Court will be affirmed.