STATE OF DELAWARE v. JACK B. KLINEHOFFER.

(*August* 18, 1961.)

LYNCH, J., sitting.

*Thomas Herlihy, III*, Deputy Attorney-General, for the State of Delaware.

*William E. Taylor, Jr.*, for Defendant.

Superior Court for New Castle County, No. 265, Cr. A., 1961.

LYNCH, Judge:

Defendant is charged in an information with operating a motor vehicle while under the influence of intoxicating liquor. Defendant has moved (1) to suppress the evidence of the alcoholic content of his blood, as revealed by the intoximeter reading, on the ground such evidence was obtained in violation of defendant's constitutional privilege against self-incrimination; and (2) to dismiss the information on the ground of an alleged illegal arrest and ensuing detention, which defendant claims violated certain provisions of the Federal and State Constitutions. The motions are supported by an affidavit made by defendant, and they are opposed by an affidavit made by the arresting officer. There are some disputes in the facts; with respect, however, to the essential facts they are not in conflict.

Both affidavits show that defendant was operating a motor vehicle on a public highway in Elsmere, Delaware at about 1:20 A.M. on December 6, 1960. A member of the Elsmere Police Department observed defendant's car being driven in an erratic manner and swerving on the highway and he stopped him. The officer suspected defendant was operating his automobile while under the influence of intoxicating liquor. The defendant was asked if he had been drinking and he answered that he had been. After a brief conversation on the highway the defendant was taken to the Elsmere Police Station where he was questioned and then put through certain physical coordination tests. These tests began at about 1:40 A.M. He was then given the intoximeter test. Differences appear in the affidavits here.

The defendant, says the arresting officer, gave his answers to the questions and performed the coordination tests voluntarily and without promises or threats. The intoximeter test was started about 2:12 A.M. and was soon completed. Before breaking the seal of the casing surrounding the intoximeter, the arresting officer asked the defendant if he would be willing to take this test. The defendant was asked if he

knew what an intoximeter was and he replied that he had heard something about it. The officer then explained to the defendant that he could take it or refuse it. The defendant willingly took the test, says the officer, which eventually resulted in a reading of 0.169%. The administration of the intoximeter test lasted about fifteen or twenty minutes. Upon completion of the test, the arresting officer informed the defendant that he was placing him under arrest for driving under the influence of intoxicating liquor. The defendant was placed in the county jail and taken before a magistrate at 10:00 A.M. that same morning.

Defendant, in his affidavit, however, states he was not at any time prior to the aforesaid tests told of his right to have the assistance of counsel or his right to refuse to submit to either of these tests. Defendant is not a resident of the State of Delaware and contends he was in no way familiar from experience or hearsay knowledge with local police or court procedures. He states further that when he was taken to the Elsmere Police Station he was not aware that he was being arrested and was not told by the arresting officer or by Sergeant Jacobs of the Elsmere Police Department that he was being arrested at any time prior to his being given the tests specified above. Defendant for the first time realized that he must be being arrested when the officers placed him in a cell at the Elsmere Police Station, where they held him until he was taken before a magistrate that same morning and charged with operating his automobile while under the influence of intoxicating liquor.

Defendant argues that whether his apprehension constitutes a "detention" under 11 *Del. C.* § 1902, or an "arrest" and so governed by 11 *Del. C.* § 1906, and in either case the alleged "arrest" or "detention" was illegal. He contends that if he was merely "detained", the detention exceeded the two-hour limit prescribed by 11 *Del. C.* § 1902; he further contends that immediately after the expiration of this two-hour

period, he was not arrested and charged with a crime or released, as required by this statute. Assuming, the defendant further argues, that he was arrested and charged with a crime within a reasonable time after the expiration of the required two-hour period, he was not taken before the nearest available magistrate within a reasonable time, as required by Superior Court Criminal Rule 5(a), *Del. C. Ann.*

On the facts, as presented by defendant, he claims there was no possible reason for holding him in jail from sometime after 1:00 A.M. on December 6, 1960 until 10:00 A.M. on the same day before taking him before the nearest available magistrate.

The State's affidavit, on the other hand, shows that the arresting officer did advise the defendant that he could refuse to take the intoximeter test; and that this same officer informed the defendant upon the completion of the test that he was under arrest for driving under the influence of intoxicating liquor, and the State, therefore, argues that upon trial the State will present the facts, as are shown in the State's affidavit, and contends there has been no denial of the defendant's constitutional rights as claimed.

On a motion such as is before the Court, the Court will construe the record against the defendant. When the facts are in issue, as they appear to be here, the proper time for the defendant to raise the issues presented by such motions is at trial where the trial judge can hear all the evidence, and submit the case to the jury on appropriate instructions. Thus, the defendant's motions will be denied because a factual issue has been presented and not a legal issue.

The essential facts, however, whether taken from defendant's affidavit or from that of the arresting officer, do not appear to be in dispute and, in my opinion, are clearly governed by *Wilson v. State*, 1953, 10 *Terry* 37, 54, 109 *A.* 2d 381, 390. There is nothing before me which in the slightest

degree indicates that defendant was "detained", *i.e.* was taken into custody for the purpose of ascertaining his name, address, business abroad and where he was going, 11 *Del. C.* § 1902(a). The record is clear that he was taken to the Elsmere Police Station and that constituted an arrest. 11 *Del. C.* § 1901 provides that an "arrest is the taking of a person into custody in order that he may be forthcoming to answer for the commission of a crime".

Even assuming defendant was not orally advised he was being placed under arrest, as he contends, that does not help him. There is no obligation on an arresting officer to make a formal statement or declaration to the person being taken into custody that he is being arrested. 4 *Am. Jur.*, Arrest, § 2, p. 5 and *Franks v. State*, 1934, 125 *Tex. Cr. R.* 245, 68 *S. W.* 2d 207, 209. It does not appear in *State v. Smith*, discussed post, or in *Wilson v. State, supra*, that there was any formal statement to such effect made to either of these defendants when taken into custody and before they were placed in a cell and the Supreme Court upheld the conviction in *Wilson* and the Superior Court upheld the arrest in *Smith*.

11 *Del. C.* § 1911 requires that "every person arrested shall be brought before a magistrate without unreasonable delay, and in any event he shall, if possible, be so brought within 24 hours of arrest, * * *." That was done here.

The facts in this case, whether considered in the light of defendant's affidavit or of that submitted by the State, strongly resemble those in *State v. Smith*, 1952, 8 *Terry* 334, 91 *A.* 2d 188. There the arresting officer arrived at the scene of an accident and based on his observation of the defendant, Smith, concluded that he was under the influence of intoxicating liquor. Smith was taken to the Police Station and given the customary sobriety tests. The examinations went over a two-hour period. There was no evidence that the Trooper

advised Smith of his constitutional right to counsel nor of his constitutional right to refuse to take the test. There was no evidence that the Trooper told the defendant that he was under arrest for driving under the influence. Smith was placed in a cell at the police headquarters in the evening and stayed there until the next morning, at which time he was taken before a Justice of the Peace and there formally placed under arrest. The Court nevertheless held that this evidence was admissible and did not violate defendant's privilege against self-incrimination under the provisions of Article 1, Section 7 of the Constitution of Delaware. *Del. C. Ann.* The Court also held in this *Smith* case that the defendant there was legally detained and properly arrested.

Under the authority of *Wilson v. State* and *State v. Smith,* I am constrained to determine that defendant here was properly arrested and his motions are without merit, either on the ground of a dispute in the facts or on the ground that there was an arrest, a valid and constitutional examination and questioning on defendant and proper administration of the tests herein mentioned.

Consideration of the cases cited by defendant show they do not support defendant's contentions and arguments. *Rickards v. State,* 6 *Terry* 573, 77 *A.* 2d 199 is completely inapposite since defendant here was observed by the officer to be under the influence of intoxicating liquor and the manner of his driving his automobile was seen by the arresting officer, tending to demonstrate this, while in the *Rickards'* case the facts show the arresting officer never observed Rickards violating any law. Hence, the cases are clearly distinguishable.

Defendant's motions are denied. An order to such effect will be signed when presented.