**Jessie SMOKES a/k/a James Smokes**

v.

**The CITY OF WILMINGTON.**

Superior Court of Delaware,
New Castle.

Sept. 30, 1971.

John M. Bader, Wilmington, for plaintiff.

Victor J. Colombo, Asst. City Sol., for defendant.

OPINION

CHRISTIE, Judge.

Jessie Smokes was convicted in Municipal Court of being concerned in interest in lottery policy writing. By certiorari to this Court he seeks to have the conviction set aside because the criminal proceedings

against the accused were instituted in Municipal Court by an unsigned paper purporting to be an information.

The City concedes that proceedings in Municipal Court must be by information (11 Del.C. § 5701) and that Superior Court Criminal Rule 7(c), Del.C.Ann., which is modeled after the corresponding federal rule, requires informations be signed by the Attorney General. It contends, however, that the defect was a mere defect in form which was waived when not objected to by defendant before trial.

■ The difficulty with the City's contention is that a piece of paper containing a criminal charge but no validating signature is not an information.

An information is defined in Ballantines Law Dictionary (1948 Edition) as, "a written accusation of crime preferred by a public prosecuting officer without the intervention of a grand jury".

Any person can type a criminal charge on a printed form but only an Attorney General or his Deputy can turn the paper into an information and then only by signing it.

■ Under Delaware practice the preparation and promulgation of an official information as evidenced by the required signature is an indispensible step in any criminal proceeding where prosecution by information is required by statute. Such step is a separate step from the actual trial and prosecution of the accused in the court. This initial step cannot be taken without the professional attention of the Attorney General or his Deputy. Thus is the public protected from charges which have no legal basis and charges not supported by admissible evidence.

The City cites Orfield Criminal Procedure Under Federal Rules, Vol. 1, Sec. 7:37, p. 601, and the cases cited therein, for the proposition that the lack of signature is not a fatal defect. However, both the cited text and the federal cases therein referred to make it clear that the informations held valid in spite of a defect as to signatures were in fact personally signed by a prosecuting attorney with some color of authority. The cases merely hold that an information signed by an assistant U. S. Attorney and not by the U. S. Attorney is valid.

Other federal cases cited by *Orfield* and in 18 U.S.C.A. Criminal Rule 7, note 76, deal with a defect as to signatures on an indictment. An indictment receives the attention of a grand jury and the duly recorded actions of a grand jury are themselves official acts. An indictment takes its validity from the official action of a grand jury and it may be that the vote of the grand jury and not the customary signatures validate such paper. The failure of the foreman of the grand jury to sign an indictment or the failure of the Attorney General or his Deputy to join in an indictment by signing it may or may not be a fatal defect. Those issues are the subject of several federal cases but they are not before the Court in this case.

The rule is well established in Delaware that a paper purporting to be an information is not an information unless signed by the Attorney General or a Deputy Attorney General. Unreported rulings of this Court in 1965 and 1966 support this view. The Court adheres to that view.

■ Mere defects in the form or wording of an information may be waived unless raised in a timely fashion, but prosecution without an information is a jurisdictional defect. All proceedings held pursuant to the unsigned paper purporting to be an information must be held to be invalid.

■ The conviction will be set aside but if the statute of limitations has not run, the invalid proceedings will not prevent the institution of proceedings under a valid information.