**STATE of Delaware**

v.

**Abraham P. KOROTKI, Defendant.**

Superior Court of Delaware,
Sussex County.

Submitted May 1, 1980.
Decided June 24, 1980.

John M. Sandy, Dept. of Justice, George-town, for the State.

Larry W. Fifer of Schmittinger & Rodri-guez, Dover, for defendant.

## OPINION

TEASE, Judge.

On October 1, 1976, the defendant, Abraham Korotki, was stopped by a Fenwick Island, Delaware police officer in fresh pursuit, and issued three summonses alleging violations of 21 *Del.C.* § 4103(b)—failure to stop at the command of a police officer, 21 *Del.C.* § 4169(b)—excessive speed, and 21 *Del.C.* § 4176(a)—careless driving. Because the defendant is a nonresident of the State of Delaware, and, therefore, not subject to legal process to compel his appearance before the Delaware courts, no action was taken in this case until the defendant voluntarily submitted himself to this jurisdiction through a letter (dated May 29, 1979) requesting a trial in Justice of the Peace Court No. 2.

Defendant was arraigned on July 6, 1979, and a trial scheduled for later that month. On the trial date (July 26) the defendant presented numerous motions prompting the State to seek a continuance in order to brief the issues. One charge (failure to stop) was dismissed due to insufficient process (an unexecuted complaint). On October 15, 1979, the Court's decision denying the defendant's motions was announced, and trial scheduled for November 20, 1979.

At trial the defendant's motion for judgment of acquittal on the excessive speed charge was granted. Defendant was convicted on the charge of reckless driving.

Notice of appeal was filed with this Court on December 4, 1979. Defendant was arraigned by prior pleading pursuant to Superior Court Criminal Rule 10(b) on December 27. The State, however, did not file informations until January 18, 1980. Those informations charged disobedience to an authorized person directing traffic under 21 *Del.C.* § 4103(b) and careless driving under 21 *Del.C.* § 4176(a).

### I. "Prompt" Filing Under The Criminal Rules

■ The defendant's initial contention is that the State has violated the requirement of Superior Court Criminal Rule 37.1(b) that informations be "promptly" filed fol-

lowing a defendant's notice of appeal from a lower court, and that such a lack of timeliness constitutes a jurisdictional defect under *Smokes v. City of Wilmington*, Del. Super., 282 A.2d 634 (1971), mandating dismissal of all charges. Rule 37.1(b) provides:

*Appeals de novo.* In an action where the appeal is de novo, the Attorney General shall promptly file an information with the Prothonotary, whereupon the proceeding will continue in accordance with these rules.

Nowhere in the Code, however, is a definition of "promptly" provided. But if a word used in the Criminal Code is not defined it has its commonly accepted meaning and may be defined as appropriate to fulfill the purposes of the Code. 11 *Del.C.* § 221(c). The Rules themselves are intended to provide for the just determination of every criminal proceeding and are construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay. *Superior Court Criminal Rule 2.*

In the present situation, defendant filed notice of appeal on December 4, 1979, in Justice of the Peace Court No. 2. The appeal was filed with the Prothonotary on December 13, 1979. Following the docketing of the appeal, but before the filing of criminal informations by the Attorney General, the defendant filed with the Court his arraignment by prior pleading pursuant to Rule 10(b), which requires an acknowledgment by the defendant that he and his attorney have read the indictment or information and that the defendant understands the nature of the accusations made against him. Clearly, then, the defendant was apprised of the nature of the proceedings against him, and the failure of the State to file its informations until January 18 resulted in no prejudice whatsoever.

The *Smokes* case, relied upon by the defendant, is not controlling in this situation. That case held that ". . . prosecution without an information is a jurisdictional defect. All proceedings held pursuant to the unsigned paper purporting to be an information must be held to be invalid."

282 A.2d at 635. Here, the only event which took place prior to the January 18 filing was an arraignment by prior pleading. And the failure to arraign a defendant is not necessarily fatal to his conviction. *Ray v. State*, Del.Supr., 262 A.2d 643 (1970). Under the circumstances the State cannot be said to have violated Rule 37, and all proceedings following defendant's notice of appeal are valid.

## II. Arrest

The State has taken the position in this case that an arrest did not, in fact, take place, presumably so as to negate the possibility of a violation of the Sixth Amendment guarantee of a speedy trial. There is little doubt, however, that the defendant was arrested on October 1, 1976. 11 *Del.C.* § 1901 defines an arrest as:

. . . the taking of a person into custody in order that he may be forthcoming to answer for the commission of a crime.

For there to be an arrest there must be some detention of the person. No manual or physical restraint is necessary, and the arresting officer has no obligation to make a formal statement or declaration to the person being taken into custody that he is being arrested. It is enough that the suspect understand that he is in the power of the one arresting and/or that his locomotion is impeded. *State v. Klinehoffer*, Del. Super., 3 Storey 550, 173 A.2d 478 (1961); *United States v. Stafford*, D.C.Del., 303 F.Supp. 785 (1969); *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959).

Clearly the defendant, apprehended by a Delaware police officer after an automobile chase, and transported to a Delaware court to answer for several alleged violations, was arrested.

## III. Jurisdiction

Assuming, without deciding, that an arrest took place in Maryland, defendant contends that that State's fresh pursuit statute, which prohibits pursuit by a police officer of another state of one alleged to have committed a traffic offense, would render the arrest illegal and thereby defeat the jurisdiction of the Delaware court. Al-

though it is well settled that the law of the place of arrest determines its validity, *United States v. DiRe*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); *Miller v. United States*, 357 U.S. 301, 78 S.Ct. 1190, 2 L.Ed.2d 1332 (1958), determination of the place of arrest is not dispositive of the jurisdictional issue.

The rule is generally recognized that if a defendant is physically before the Court on an accusatory pleading, either because he is held in custody after an arrest or because he has appeared in person after giving bail, the invalidity of the original arrest is immaterial, even though properly raised, with respect to the jurisdiction of the Court to proceed with the case. 21 Am.Jur.2d, *Criminal Law*, § 380; *Ker v. Illinois*, 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886); *Frisbie v. Collins*, 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Reed v. Reincke*, Conn. Supr., 155 Conn. 591, 236 A.2d 909 (1967). The true reason for this rule lies in the fact that the illegal arrest is not relevant to his trial and conviction under a subsequent valid complaint. A defendant's wrong against the state holding him is not excused by the illegality of the means employed in obtaining custody, and the means used to bring him there will not be a subject of inquiry. 21 Am.Jur.2d, *Criminal Law*, § 381. This rule is frequently applied where the accused has been arrested by officers in another state and brought into the state (where he is charged with a crime) without the formality of extradition proceedings. *Frisbie v. Collins, supra.*

Were the Court concerned with evidence tainted because it had been seized as a result of an illegal arrest, or with a confession acquired as a result of an illegal arrest, a different conclusion might obtain. *State v. Keating*, N.H.Super., 108 N.H. 402, 236 A.2d 684 (1967). But such is not the case here.

■ Though the invalidity of an arrest does not affect a court's subject matter jurisdiction, personal jurisdiction is dependent upon the defendant's physical presence before the court pursuant to a properly issued warrant, a lawful arrest, or a voluntary appearance. *Walberg v. State*, Wis. Supr., 73 Wis.2d 448, 243 N.W.2d 190 (1976). Here the defendant was before the Court pursuant to properly issued warrants and, later, through a voluntary appearance. The jurisdiction of the Delaware Court was, therefore, proper.

### IV. Double Jeopardy/Improper Appeal

Filed by the defendant simultaneous with his memorandum is a motion to quash or dismiss the information filed by the State on January 18, 1980, alleging a violation of 21 *Del.C.* § 4103(b). The basis for the defendant's motion is that the State is improperly attempting to appeal a charge (either failure to stop at the command of a police officer, or disobedience to an authorized person directing traffic [1]) upon which the defendant was previously acquitted in the Court below on July 26, 1979. The defendant cites both his constitutional right to be free from double jeopardy, and certain rules of court relative to appeals by the State.

■ Double jeopardy, however, is not an issue. The charge of failure to stop was dismissed pursuant to defendant's pretrial motion below; no evidence was heard prior to the dismissal for insufficient process. It is well established that in a non–jury trial jeopardy does not attach until the first witness is sworn to testify. *State v. Dennis*, Del.Supr., 306 A.2d 729 (1973). Only after jeopardy has attached does dismissal without the defendant's consent operate as an acquittal. *State v. Hatton*, Del.Supr., 11 Terry 281, 129 A.2d 414 (1957).

■ What the dismissal below did trigger, however, was the State's right to appeal to the Superior Court under 10 *Del.C.* § 9902(a):

The State shall have an absolute right to appeal to an appellate court a final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof . .

1. Regardless of how the alleged violation is labeled by the State, it remains, apparently, an alleged violation of 21 *Del.C.* § 4103(b).

Thus under § 9902(a) the State had an absolute right to appeal the dismissal by the officiating magistrate to the Superior Court within thirty days of the entry of the order. 10 *Del.C.* § 9904. In the instant case, no attempt to appeal was made by the State after the dismissal in July.

The State contends that issuing that information was merely an attempt to correct a defect under Criminal Rule 12(b)(5). Such an attempt to remedy a defect, however, should have been accomplished at the J.P. level. Justice of the Peace Criminal Rule 4(d) provides just such a procedure. The information alleging disobedience to an authorized person directing traffic must therefore be dismissed.

### V. Speedy Trial/Unnecessary Delay

The Sixth Amendment's guarantee of an accused's right to a speedy trial is one of the basic rights preserved by the federal constitution and is made applicable to the states by the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). In Delaware two types of motions are generally classified under the category of "speedy trial"— one alleging the denial of traditional Sixth Amendment rights, the other alleging "unnecessary delay" under Superior Court Criminal Rule 48(b).

The right of a speedy trial is relative. *Kominski v. State*, Del.Supr., 1 Storey 163, 141 A.2d 138, aff'd. Del.Supr., 2 Storey 194, 154 A.2d 691 (1959), *cert. denied*, 358 U.S. 850, 79 S.Ct. 80, 3 L.Ed.2d 86 (1959). Whether a delay is reasonable or unreasonable depends on the circumstances. *State v. Fischer*, Del.Super., 269 A.2d 244, aff'd. Del.Supr., 285 A.2d 417 (1971). According to *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), four fundamental factors must be considered: (1) length of delay, (2) the reason for such delay, (3) the defendant's assertion of his rights, and (4) prejudice to the defendant.

After his arrest on October 1, 1976, some two and a half years passed before defendant Korotki, on May 29, 1979, submitted his written request for trial on those charges outstanding. Although the length of delay is serious upon first glance, it is apparent that the delay cannot be wholly attributed to the State. In fact, the defendant admits in his brief (p. 6) that ". . . this [delay] must be partially attirbutable [sic] to the fact that the Defendant is a non–resident of the State of Delaware, and was therefore not subject to legal process to compel his appearance before the Delaware Courts." The period between the defendant's request for trial (May 29, 1979) and his arraignment on July 6, 1979, a period of just over one month, as well as that between arraignment and the original trial date on July 26, 1979 (approximately three weeks) are not so unreasonable as to violate the defendant's right to a speedy trial. Furthermore, a continuance granted on July 26, 1979, was required in order to allow the State sufficient time to brief a number of defense motions. And a continuance granted on November 8, 1979, was requested by the defendant himself.

Since it has been previously noted that there has been no violation of the prompt filing requirement of Superior Court Criminal Rule 37.1(b), the period between defendant's filing of his notice of appeal (December 4, 1979) and the State's filing of the proper informations (January 18, 1980) can not now constitute a violation of the defendant's right to a speedy trial. In any event, the defendant's implied waiver of the promptness requirement by reason of his arraignment by prior pleading under Rule 10(b) indicates a lack of prejudice under *Barker v. Wingo, supra.*

Finally, Rule 48(b) provides that the Superior Court may dismiss an indictment, information, or complaint if there is "unnecessary delay" in presenting a charge to a Grand Jury, in filing an information, or in bringing a defendant to trial. The Rule codifies the Superior Court's inherent power to dismiss a case for want of prosecution. The power is discretionary, and while the purpose of the Rule is to implement an accused's right to a speedy trial, the provision serves a broader purpose, is not coextensive with constitutional limitations under the Sixth Amendment, and is not governed by the established concepts of the speedy trial clause. *State v. Fischer, supra.; State v. Morris*, Del.Super., 340 A.2d

846, aff'd Del.Supr., 349 A.2d 748 (1975); *State v. Glaindez*, Del.Supr., 346 A.2d 156 (1975). Under the circumstances, and even granting defendant the benefit of the broad interpretation of rules governing the concept of "unnecessary delay," there is no fatal delay which can be attributed to the State, nor any prejudice to the defendant.

In summary, then, defendant Korotki's motion to dismiss as to the charge of failure to stop at the command of a police officer is granted; the remaining motions to dismiss and the motion to quash are denied. Defendant must be prepared to stand trial in the Superior Court on the charge of careless driving.