Benjamin WING, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 1, 1996.

Supreme Court of Delaware.

Submitted: July 1, 1996.
Decided: July 22, 1996.
Opinion Issued: October 8, 1996 [1].

1. The July 22, 1996 Order is vacated and this Opinion is issued in lieu thereof.

Raymond M. Radulski, Wilmington, DE, for appellant.

Timothy J. Donovan, Jr., Deputy Attorney General, Wilmington, DE, for appellee.

Before WALSH, HOLLAND, and HARTNETT, JJ.

HOLLAND, Justice:

On November 30, 1995, the defendant-appellant, Benjamin Wing ("Wing"), pleaded guilty in the Superior Court to one count of trafficking in cocaine, in accordance with Superior Court Criminal Rule 11(e)(1)(C). In exchange for his agreement, the United States Attorney for the District of Delaware agreed to dismiss federal charges pending against Wing in the District Court. Furthermore, the State of Delaware agreed to recommend a three-year minimum mandatory term of incarceration.

On the same day he executed his plea agreement, Wing also executed a waiver of indictment and a Truth–in–Sentencing guilty plea form. These documents implemented the terms of his plea agreement. The Superior Court immediately sentenced Wing to a three year prison term, in accordance with his plea agreement.

Wing's counsel on appeal has filed a brief and a motion to withdraw pursuant to Supreme Court Rule 26(c) ("Rule 26(c)"). Wing's counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, Wing's attorney informed him of the provisions of Rule 26(c). Wing was provided with a copy of the motion to withdraw and the accompanying brief. Wing also was informed of his right to supplement his attorney's presentation. Wing has raised several issues for this Court's consideration.

The State has responded to the position taken by Wing's counsel and to the points raised by Wing. The State has moved to affirm the Superior Court's decision. This Court has concluded that motion should be granted.

## Wing's Contentions

Wing has raised four distinct issues for this Court's consideration. First, Wing contends that the Superior Court lacked jurisdiction to convict him because he was not arrested by State authorities nor was he indicted by a State grand jury. Instead, Wing asserts that the federal court had sole jurisdiction over his charges because he was indicted by a federal grand jury. Second, Wing alleges that his trial counsel was ineffective for tricking Wing into entering a guilty plea before the state court when, in fact, Wing wished to go to trial before the federal court. Third, Wing contends that his waiver of indictment was invalid because it was not made in open court. Finally, Wing contends that the Superior Court lacked jurisdiction over his offenses because the Superior Court accepted his guilty plea before the information was filed. None of these contentions has any merit. Accordingly, we affirm the Superior Court's judgment.

## Standard of Review

■ The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) this Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for arguable claims; and (b) this Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation. *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 351, 102 L.Ed.2d 300 (1988); *McCoy v. Court of Appeals,* 486 U.S. 429, 442, 108 S.Ct. 1895, 1903–04, 100 L.Ed.2d 440 (1988); *Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967).

## Jurisdiction Proper

■ Pursuant to the doctrine of dual sovereignty, both state and federal authorities may prosecute a defendant for identical conduct that results in a violation of the criminal law of both jurisdictions. *In re Hovey,* Del.Supr., 545 A.2d 626, 629 (1988). Consequently, Wing's contention that the Su-

perior Court lacked jurisdiction over him because federal authorities were first to initiate prosecution on the alleged offenses is without merit. Furthermore, Wing's contention that the State was required to arrest and indict him prior to accepting his guilty plea is incorrect. The record reflects that Wing validly waived his right to be prosecuted by indictment. *See* Super.Ct.Crim.R. 7(a), (b). When a defendant waives indictment, prosecution before the Superior Court may proceed by information signed by the attorney general, as it did in Wing's case. *Smokes v. City of Wilmington,* Del.Super., 282 A.2d 634 (1971). Consequently, we find no merit to Wing's first contention.

## Ineffective Assistance of Counsel

■ Wing next contends that he received ineffective assistance of counsel at his plea hearing. This Court, however, will not hear a claim of ineffective assistance of counsel raised for the first time on direct appeal. *Duross v. State,* Del.Supr., 494 A.2d 1265, 1267 (1985); Supr.Ct.R. 8. Consequently, that issue will not be decided at this time.

## Waiver of Indictment

■ Relying on federal law, Wing next asserts that his waiver of indictment in the Superior Court was invalid because the waiver was not made in open court. Unlike its federal counterpart, however, Superior Court Criminal Rule 7(b) ("Rule 7(b)") provides that a waiver of indictment may be made either "in writing or in open court." In Wing's case, the waiver was in writing and was signed by Wing and filed in open court prior to the entry of Wing's guilty plea. This procedure was entirely consistent with Rule 7(b). Accordingly, we find no merit to Wing's third contention.

## Information Filed Timely

■ Finally, Wing contends that the Superior Court lacked jurisdiction over his offenses because the information was not filed before the guilty plea hearing. In support of his contention, Wing argues that the guilty plea agreement was signed by him at approximately 3:00 p.m. on November 30, 1995 and that the information was not clocked-in by

the Superior Court Prothonotary until 4:31 p.m. on the same day. Notwithstanding Wing's contentions to the contrary, however, the transcript of the guilty plea hearing reflects that the information was filed by the State in open court prior to the entry of Wing's guilty plea. Consequently, the Superior Court had jurisdiction to accept Wing's guilty plea to the offense of trafficking.

### Conclusion

This Court has reviewed the record carefully and has concluded that Wing's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Wing's counsel has made a conscientious effort to examine the record and has properly determined that Wing could not raise a meritorious claim in this appeal.

The State's motion to affirm is granted. The judgment of the Superior Court is affirmed. The motion to withdraw is moot.