IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,                          :   Def. ID# 1811000509

      Appellant/Plaintiff Below,          :

v.                                          :

JHAREED A. AYERS,                           :

      Appellee/Defendant Below.           :


ORDER

1) The State of Delaware ("the State") has filed an appeal pursuant to 10 *Del. C.* § 9902(a)[1] from a determination by the Court of Common Pleas ("CCP") that it lacked jurisdiction of this case against Jhareed A. Ayers ("Ayers" or "appellee"). This is my decision affirming CCP's decision.

2) The Court reviews only the information in the record which was available to the trial court when the decision to dismiss was made.[2] The record establishes the following.

3) On or about November 1, 2018, Ayers was arrested on five theft charges and a charge of

---

[1]In 10 *Del. C.* § 9902(a), it is provided as follows:

> The State shall have an absolute right to appeal to an appellate court a final order of a lower court where the order constitutes a dismissal of an indictment or information or any count thereof, or the granting of any motion vacating any verdict or judgment of conviction where the order of the lower court is based upon the invalidity or construction of the statute upon which the indictment or information is founded or the lack of jurisdiction of the lower court over the person or subject matter.

[2]*State v. Hicks,* 2019 WL 2152707, *1 (Del. Super. May 15, 2019); *State v. Lee,* 1998 WL 733068, *1 (Del. Super. Aug. 4, 1998); *State v. Small,* 1992 WL 114068, *1 (Del. Super. Apr. 27, 1992).

1

receiving stolen property. Ayers was arraigned on November 5, 2018.[3] He was held on a secured bond on those charges from November 1, 2018 until November 5, 2018, when CCP changed the bond to an unsecured amount. However, because Ayers was held on another matter by Superior Court, he remained incarcerated until his trial date on January 7, 2019.

The State prepared an information, which was dated November 27, 2018. The State provided defendant's counsel with a copy of that information. The State and defense counsel negotiated a plea to resolve the charges. On January 7, 2019, when the defendant was about to enter the plea, the Clerk noted to the Court that there was no information in the file nor was there an entry in the court docket indicating that an information had been filed. The Court stated that an information has to be docketed in order for the Court to have jurisdiction. It further explained that it had to rely on its docket, and the docket did not show that an information had been filed. The State then described a recent episode where an information had not been docketed in another case and after taking a recess, the Court found the information. The State suggested the lack of a docket entry showing that the information had been filed did not support the conclusion that CCP did not have possession of a filed information. At this point, the Clerk noted that the Clerk had sent a notice to the Clerk's court manager and the court manager checked. The Clerk does not specify what the court manager checked. It appears that the Court Clerk was advising the Court that staff had checked the Clerk's office and had not located an information in its file. At that point, defense counsel moved to dismiss the case because the information had not been filed. The Court ruled:

[3]His arraignment was not based upon an information because one had not been prepared. It is assumed the arraignment was based upon the charges set forth in Exhibit A to the arrest warrant. CCP has a practice of creating an "add on" calendar to arraign defendants recently arrested and in custody. Typically, the Department of Justice has no knowledge of these cases or the ability to initiate them by information prior to arraignment.

THE COURT: It's a jurisdictional defect that the Court can't remedy.

Mr. Ayers, I'm going to dismiss these charges against you, sir.[4]

The State had its copy of the information in the courtroom with it, but did not offer it to the Court and did not request a recess to make a copy of the information and file it with the Clerk's Office before the plea was entered.

The State has appealed CCP's dismissal of the case.

4) The standard of review of an appeal from CCP is as follows:

> The Superior Court is authorized to consider appeals from the Court of Common Pleas in criminal matters. When addressing appeals from the Court of Common Pleas, the Superior Court acts as an intermediate appellate court, with the same function as that of the Supreme Court. In considering an appeal from the Court of Common Pleas to the Superior Court, the Superior Court determines whether there is legal error and whether the factual findings made by the trial judge are sufficiently supported by the record. Factual findings by the Court of Common Pleas are given deference and are reviewed for clear error. Legal questions are reviewed *de novo* (footnotes and citations omitted).[5]

5) In order for this case to have been prosecuted in CCP, an information had to be filed.[6] Settled law indicates that absent the filing of an information, CCP lacked jurisdiction over the case.[7] Thus, CCP's decision determining it lacked jurisdiction was legally correct.

The State, however, argues that the trial court, without stating it, dismissed the action

---

[4]Transcript of January 7, 2019, Proceedings at 6.

[5]*Slaney v. State*, 2016 WL 5946485, *3 (Del. Super. Oct. 7, 2016). *See State v. Kelly*, 947 A.2d 1123, 2008 WL 187945, *2 (Del. Jan. 23, 2008) (interpretations of statutes and court rules are reviewed *de novo*).

[6]CCP Crim. Rules 3 and 7(a).

[7]*Smokes v. City of Wilmington*, 282 A.2d 634 (Del. Super. 1971); *Harris v. State*, 82 A.2d 387, 388 (Del. Super. 1951); *State v. Sexton*, 2003 WL 21235310, *2 (Del. CCP Apr. 23, 2003).

pursuant to CCP Crim. Rule 48(b)[8] and consequently, abused its discretion. It argues that CCP should have come up with an alternative remedy *sua sponte*, such as asking the State for a copy of the information, continuing the case for the State to submit an information, or allowing the State to file a copy of the information prior to accepting Ayers' plea. The State cites to the case of *State v. Robinson*[9] in support of that argument.

The lack of an information in the court's file at the time of the plea was not fatal; an information could have been presented in open court at the time of the plea.[10] If the State had provided the Court its copy of the information which was in its file, the Court should have accepted it. If the State had requested time to make a copy of the information and clock it in with the Court, the Court below should have allowed it. If the Court below had disallowed these remedies and dismissed the information pursuant to CCP Criminal Rule 48(b), then this Court would have reviewed that dismissal under an abuse of discretion standard[11] and most likely, based upon the facts of the case, would have reversed that decision. However, that scenario did not happen because the State took no steps to provide an alternative remedy to CCP.

The Court below did not dismiss the action under CCP Criminal Rule 48(b); it decided it lacked jurisdiction because no information was filed. Consequently, this Court will not review CCP's action under an abuse of discretion standard. The State argues that pursuant to *Robinson*,

---

[8]In CCP Crim. Rule 48(b), it is provided in pertinent part:

*Dismissal by Court.* If there is unnecessary delay in the filing of an information against a person held to answer, the Court may dismiss all proceedings in that action and release the accused ....

[9]— A.3d —, 2019 WL 1612836 (Del. 2019) ("*Robinson*").

[10]*Wing v. State*, 690 A.2d 921, 923 (Del. 1996).

[11]*State v. Hazelton*, 173 A.3d 1145, 1148 (Del. 2018).

4

the trial court should have imposed less harsh remedies. *Robinson* does not support that contention. In that case, the trial court *sua sponte* considered other remedies short of dismissing a first degree murder case and the Supreme Court stated the trial court's consideration of those remedies was appropriate.[12] However, *Robinson* does not impose an affirmative duty on a trial court to provide remedies short of a dismissal for actions the State has or has not taken. Here, the State is asking this Court to consider it error for the trial court not to have created remedies on the State's behalf. There is no legal authority for such a position.

6) The court below did not have jurisdiction over the case because no information had been filed. Unfortunately, the practical remedy for the technical defect of not filing an information was not done. CCP correctly determined it had no jurisdiction.[13] Consequently, the decision below is affirmed.

IT IS SO ORDERED THIS _24th_ DAY OF JULY, 2019.

_____
JUDGE

cc: Prothonotary's Office
    Caroline C. Brittingham, Esquire
    Heather Lingo, Esquire
    Court of Common Pleas Clerk's Office

FILED PROTHONOTARY SUSSEX COUNTY
2019 JUL 24 P 2: 47

---

[12]*Robinson, supra* at *25.

[13]At oral argument, the Court discussed with the parties whether an information could be filed now. *See Smokes v. City of Wilmington,* 282 A.2d at 634 (Superior Court informed the parties "if the statute of limitations has not run, the invalid proceedings will not prevent the institution of proceedings under a valid information."). Any opinion the Court may have as to the issue would be *dicta.*

5