# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE, )
)
v. )   Case No.: 2102004531
)
YOLANDA IRIZARRY, )
)
Defendant. )

Submitted: November 5, 2025
Decided: January 6, 2026

Joseph Lafferty
820 N. French Street, 7th Floor
Wilmington, DE 19801
*Attorney for the State of Delaware*

Jason R. Antoine, Esq.
1702 Kirkwood Highway, Suite 102
Wilmington, DE 19805
*Attorney for Defendant*

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for Dismissal for Violation of Right to Speedy Trial.

## FACTUAL AND PROCEDURAL HISTORY

On February 11, 2021, Yolanda Irizarry (hereinafter "Defendant") was pulled over and arrested for Driving Under the Influence in violation of 21 *Del. C.* § 4177. On March 8, 2021, counsel for Defendant requested that the case be transferred from the Justice of the Peace Court to the Court of Common Pleas. On March 9, 2021, counsel for Defendant was notified that the case was transferred and scheduled for Arraignment in the Court of Common Pleas on June 9, 2021. On March 24, 2021,

counsel for Defendant filed a prior plea and in keeping with COVID-19 pandemic scheduling procedures in effect at the time the Court assigned a control date of January 1, 2025. On June 1, 2021, the State filed an Information. On May 31, 2025, the court scheduled the case for another control date of July 22, 2025. On September 5, 2025, Defendant's counsel filed a Motion for Dismissal for Violation of Right to Speedy Trial. The State submitted no written response to the Motion. The Court heard the Motion on October 8, 2025, and requested the parties submit post-hearing briefs. Each party submitted its respective brief.

Defendant argued that a greater than four-and-a-half-year delay in bringing this case to trial was so presumptively prejudicial that the Court should dismiss the case based on the language in *Middlebrook v. State* and application of the *Barker v. Wingo* four factor totality-of-the-circumstances balancing test.[1] The State conceded that the length of the delay was sufficient to trigger further analysis of the *Barker* factors. The State then comprehensively addressed all four *Barker* factors and argued dismissal was inappropriate, as there was no violation of the right to a speedy trial under existing Federal and Delaware precedent.

## DISCUSSION

In Delaware, "speedy trial" motions are generally of two types. One alleging

---

[1] *Middlebrook v. State*, 802 A.2d 268 (Del. 2002); *Barker v. Wingo*, 407 U.S. 514 (1972) (Defendant does not address all four of the *Barker* factors).

the denial of traditional Sixth Amendment rights and the other alleging "unnecessary delay" under Criminal Rule 48(b) of the various trial courts.[2] Here, Defendant argues the denial of traditional Sixth Amendment rights and asks the Court to dismiss the charges pursuant to Court of Common Pleas Criminal Rule 48. Because Defendant does not present an argument or case law specific to Rule 48, the Court will address only the alleged denial of Sixth Amendment speedy trial rights.

## 6th Amendment Speedy Trial Analysis

The Sixth Amendment to the United States Constitution affords defendants "the right to a speedy and public trial" in all criminal prosecutions.[3] The States apply this right through the Due Process Clause of the Fourteenth Amendment.[4] The Delaware Constitution provides the same rights to criminal defendants under Article I, Section 7.[5] In *Barker*, the United States Supreme Court established a totality-of-the-circumstances balancing test for Courts to determine whether a speedy-trial violation has occurred.[6] Under the *Barker* test, the Court weighs the conduct of both the prosecution and the defendant by considering the following factors: "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of the right to a speedy trial; and (4) prejudice to the defendant."[7]

---

[2] *State v. Korotki*, 418 A.2d 1008, 1013 (Del. Super. Ct. 1980).
[3] U.S. Const. amend. VI.
[4] U.S. Const. amend. XIV, §1; *Klopfer v. State of N.C.*, 386 U.S. 213, 223-24 (1967).
[5] Del. Const. art. I, §7.
[6] *Barker*, 407 U.S. at 530.
[7] *Id.*

## 1. **Length of the Delay**

As a threshold factor, the Court must consider whether the delay between arrest and trial is "uncommonly long"[8] and "presumptively prejudicial."[9] The right to a speedy trial attaches "as soon as the defendant is accused of a crime through arrest or indictment, whichever occurs first."[10] There is no temporal benchmark that automatically constitutes a violation of speedy trial rights; rather, "whether the length of delay is presumptively prejudicial 'depends on the peculiar circumstances of the case.'"[11] However, the Delaware Supreme Court has established that if the delay between arrest and trial approaches one year, the Court "generally should consider the other *Barker* factors."[12] In *Middlebrook*, the Delaware Supreme Court found that a delay exceeding four years between indictment and trial for an incarcerated defendant was presumptively prejudicial.[13]

Here, as in *Middlebrook*, a four-and-a-half-year delay is presumptively prejudicial. The Court finds that the first *Barker* factor weighs heavily in favor of

---

[8] *Doggett v. U.S.*, 505 U.S. 647, 651 (1992).

[9] *State v. Strzalkowski*, 2010 WL 2961519, at *3; *Davis v. State*, 99 A.3d 226 (Del. 2014); *State v. Warrington*, 2016 WL 3485355, at *6 (Del. Super. June 27, 2016).

[10] *Middlebrook*, 802 A.2d at 272-73.

[11] *Strzalkowski*, 2010 WL 2961519, at *3 (quoting *Barker*, 407 U.S. at 530-31).

[12] *See Cooper v. State*, 2011 WL6039613, at *7 (Del. Supr. 2011); *see also State v. Link*, 2016 WL 6994005, at *2 (Del. Com. Pl. Nov. 29, 2016); *State v. Warrington*, 2016 WL 3485355, at *6 (Del. Com. Pl. June 27, 2016); *Strzalkowski*, 2010 WL 2961519, at *3.

[13] *See Middlebrook*, 802 A.2d at 274 (Del. 2002); *But see Strzalkowski*, 2010 WL 2961519, at *3 (finding that a delay of eight months was not presumptively prejudicial); *Baker v. State*, Del. Super., ID No. 0803038600, Babiarz, J. (Dec. 16, 2009) (Mem. Op.) (finding that a delay of seven months was not prejudicial).

the Defendant and triggers consideration of the other *Barker* factors.

## 2. **Reason for the Delay**

As elucidated by the United States Supreme Court, the *Barker* test "places the *primary burden on the courts and the prosecutors* to assure that cases are brought to trial." A "deliberate attempt to delay the trial to hamper the defense should be weighted heavily against the [State]." In contrast, delays due to "overcrowded courts, should be weighted less heavily" against the State.[14]

Both parties acknowledge and reference delays caused by the management of judicial resources during the COVID-19 pandemic. The State acknowledges that this *Barker* factor should weighed less heavily against it because the delay was caused by the COVID-19 pandemic and the Court's resulting scheduling decisions. Nothing in the record indicates that the four-and-a-half-year delay, prolonged as it was, was the result of a deliberate attempt by the Court or the State to postpone Defendant's trial date.[15] Responsibility for the delay in this matter rests with the Court and its management of cases filed during the COVID-19 pandemic. The Court finds the second *Barker* factor weighs slightly in favor of Defendant.

## 3. **Defendant's Assertion of the Right to a Speedy Trial**

A defendant's failure to assert the right to a speedy trial will make it difficult

---

[14] *Barker*, 407 U.S. at 531 (emphasis added).
[15] *Harris v. State*, 956 A.2d 1273, 1277 (Del. 2008).

to prove that the Court denied a defendant a speedy trial[16] because the failure to assert carries significant weight in the third *Barker* factor analysis.[17] A defendant has *some* responsibility to assert speedy trial rights in a timely manner.[18] A defendant's failure to demand a speedy trial does not bar the defendant from eventually raising it, but acquiescence in delaying the assertion of the right is significant.[19]

Defendant avers through *Middlebrook* and *Dabney* that the four-and-a-half-year delay in her prosecution is so prejudicial that her case should be dismissed because of this delay. The State counters that in *Middlebrook*, the defendant asserted his speedy trial rights in response to the State's first continuance request four months after his arrest, and similarly in *Dabney*, seven months after his arrest.[20]

Here, Defendant did not assert her speedy trial right for four and a half years, which is significantly longer than the defendants' delays in asserting it in *Middlebrook* and *Dabney*. Defendant had *some* responsibility to assert her right and failed to do so for four and a half years.[21] As in *Harris v. State*, her silence in the matter is weighed against her,[22] and the Court finds the third *Barker* factor weighs

---

[16] *Middlebrook*, 802 A.2d at 275.
[17] *Bailey v. State*, 521 A.2d 1069, 1082 (Del. 1987).
[18] *Barker*, 407 U.S. at 529.
[19] *Harris*, 956 A.2d at 1277 (applying the *Barker* factors in a sentencing case).
[20] *Middlebrook*, 802 A.2d at 271; *Dabney v. State*, 953 A.2d 159, 167-68 (Del. 2008).
[21] *Barker*, 407 U.S. at 529.
[22] *Harris*, 956 A.2d at 1277.

heavily in favor of the State.

## 4. **Prejudice to the Defendant**

The fourth *Barker* factor focuses on the three defendants' interests the right to a speedy trial is intended to protect: (1) preventing oppressive pretrial incarceration, (2) preventing a defendant's anxiety and concern, and (3) avoiding an impairment in a defendant's defense.[23]

The first interest is moot as Defendant was never incarcerated for this matter.

For the second interest to be weighed in a defendant's favor, the defendant is required to allege excessive or undue[24] anxiety levels beyond what is presumed from a delay in trial.[25] Here, Defendant argues that generalized and prolonged anxiety along demonstrates that this interest should be weighed in her favor. The State argues this case is similar to *State v. Rodriguez*, where the Delaware Superior Court found Rodriguez's argument that she experienced anxiety, health, and safety issues related to COVID-19 exposure while incarcerated insufficiently specific to her warrant dismissal.[26] Here, like in *Rodriguez*, Defendant failed to identify specific sources of undue or disproportionate anxiety or concern.

The third interest, impairment of trial defense, has been found by the Delaware

---

[23] *Middlebrook*, 802 A.2d at 276.
[24] *State v. Rodriguez*, 2021 WL 1221461, at *6 (Del. Super. 2021).
[25] *Link*, 2016 WL 6994005, at *2.
[26] *Rodriguez*, 2021 WL 1221461, at *6.

7

Supreme Court to be the most serious, although also the one most difficult to prove.[27] Defendant avers that her defense is impaired because of a potential loss of exculpatory evidence, the fading of witness memories, and other unnamed impediments to mounting an effective defense. The State argues again based on *Rodriguez*; Defendant failed to show with sufficient specificity that the delay in prosecution will impair her defense at trial. Here, also like in *Rodriguez*, Defendant failed to identify specific impairments of her defense.

In consideration of the three defendants' interests the right to a speedy trial is intended to protect, the Court finds that the fourth *Barker* factor weighs in favor of the State.

### Balancing of the *Barker* Factors

In this case, the *Barker* factors are evenly split between the parties, with the first two in Defendant's favor and the second two in the State's favor. As it did in *State v. Cisco,* this Court must look at the weight given to each factor in deciding whether Defendant's speedy trial rights have been violated.[28] Given the totality of the circumstances, the Court finds no violation. The two factors weighing in the State's favor outweigh the two factors weighing in Defendant's favor.

### CONCLUSION

---

[27] *Middlebrook*, 802 A.2d at 277.
[28] *State v. Cisco*, 2009 WL 3648674, at *3-4 (Del. Com. Pl. Oct. 6, 2009) (citing *Harris*, 956 A.2d at 1278).

After considering the *Barker* factors, the Court finds that Defendant's right to a speedy trial has not been violated. For the foregoing reasons, the Defendant's Motion is **DENIED**, and the case will be scheduled for a DUI Case Review.

**IT IS SO ORDERED.**

Gerard M. Spadaccini,
Judge