LAWRENCE E. BENNER, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 587, 2006.
Supreme Court of Delaware.
Submitted: October 11, 2007.
Decided: November 30, 2007.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 30th day of November 2007, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, Lawrence E. Benner, pleaded guilty to six counts of Burglary in the Second Degree and one count of Escape in the Second Degree.[1] He was sentenced to a total of 38 years of Level V incarceration, to be suspended after 14½ years for a period of work release and probation. This is Benner's direct appeal.
(2) Benner's counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that arguably could support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]
(3) Benner's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Benner's counsel informed Benner of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete transcript. Benner also was informed of his right to supplement his attorney's presentation. Benner responded with a brief that raises four issues for this Court's consideration. The State has responded to the position taken by Benner's counsel as well as the issues raised by Benner and has moved to affirm the Superior Court's judgment.
(4) Benner raises four issues for this Court's consideration. He claims that a) the time limit for trial set forth in the Interstate Agreement on Detainers was not met; b) he did not commit one of the burglaries to which he pleaded guilty; c) he did not commit the escape charge to which he pleaded guilty; and d) his counsel provided ineffective assistance in connection with his guilty plea.
(5) Benner's first three claims implicate alleged errors or defects occurring prior to the entry of his guilty plea. We have reviewed the transcript of Benner's guilty plea colloquy and it clearly reflects that his plea was entered knowingly, intelligently, and voluntarily. Because a voluntary guilty plea constitutes a waiver of any alleged errors or defects occurring prior to the entry of the plea,[3] we conclude that Benner's first three claims are without merit.
(6) Benner's final claim is that his counsel provided ineffective assistance in connection with his guilty plea. This Court will not entertain an ineffective assistance of counsel claim for the first time on direct appeal.[4] Because Benner's claim was not presented to the Superior Court in the first instance, we decline to decide it in this direct appeal.
(7) This Court has reviewed the record carefully and has concluded that Benner's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Benner's counsel has made a conscientious effort to examine the record and has properly determined that Benner could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] The grand jury's amended indictment charged Benner with over 70 counts of Burglary, Theft, Conspiracy, Criminal Mischief and various weapon offenses.
[2] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[3] Miller v. State, 840 A.2d 1229, 1232 (Del. 2003).
[4] Wing v. State, 690 A.2d 921, 923 (Del. 1996).