# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | ID Nos. 1302016004 & |
| | ) | 1303000324 |
| | ) | |
| MICHAEL S. MUDE, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 3, 2016
Decided: July 7, 2016

*Upon Defendant Michael S. Mude's Motions for Postconviction Relief and*
*Appointment of Counsel .*
**SUMMARILY DISMISSED.**

## ORDER

This 7th day of July, 2016, upon preliminary consideration of the Defendant

Michael S. Mude's *Pro Se* Motion for Postconviction Relief (D.I. 17 – ID No.

1302016004; D.I. 15 – ID No. 1303000324) and Motion of Appointment of

Counsel (D.I. 19 – ID No. 1302016004; D.I. 17 – ID No. 1303000324) under

Superior Court Criminal Rule 61(d), and the record in this matter, it appears to the

Court that:

(1)    Michael Mude was indicted on April 15, 2013 on charges of Robbery

in the First Degree, Attempted Robbery in the First Degree and two counts of

Conspiracy in the Second Degree.[1] At the time, Mr. Mude was imprisoned in Maryland. Mr. Mude filed a detainer pursuant to Delaware's Uniform Agreement on Detainers ("UAD"),[2] on January 20, 2014, to answer his Delaware charges.

(2) On July 10, 2014, Mr. Mude pleaded guilty to charges of burglary second degree and robbery second degree. The Court accepted the guilty plea but, with the parties' consent, deferred sentencing to a later date. The State subsequently moved to declare Mr. Mude a habitual offender[3] and have that status applied to his burglary sentence.[4] At Mr. Mude's sentencing on August 29, 2014, the Court found beyond a reasonable doubt that he met the requirements for habitual offender status.[5] The Court then sentenced Mr. Mude, as required, to eight years at Level V to be served under the provisions of the Habitual Criminal Act for the charge of burglary in the second degree,[6] and five years at level V,

---

[1] DEL. CODE ANN. tit. 11, § 831 (2013) (first degree robbery); *id.* at § 531 (attempted first degree robbery); *id.* at § 512 (second degree conspiracy).

[2] *Id.* at § 2542.

[3] *Id.* at § 4214(a) (providing that a person who has been thrice previously convicted of a felony and is thereafter convicted of another felony may be declared an habitual criminal; the Court may then, in its discretion, impose a sentence of up to life imprisonment for that or any subsequent felony).

[4] D.I. 13 – ID No. 1302016004.

[5] D.I. 14 – ID No. 1302016004.

[6] DEL. CODE ANN. tit. 11, § 4214(a) (2013) (any person sentenced under § 4214(a) must receive a minimum sentence of not less than the statutory maximum penalty otherwise provided for any fourth or subsequent Title 11 violent felony which forms the basis of the State's habitual

suspended immediately for diminishing levels of partial confinement and probation for the charge of robbery second degree.[7]

(3)　　Mr. Mude now seeks postconviction relief under Superior Court Criminal Rule 61. He argues: (1) that the 180-day time limit for trial set forth in the UAD was not met; (2) ineffective assistance of counsel; (3) prosecutorial misconduct; (4) judicial misconduct; and (5) *Miranda* violations.

(4)　　The Court has engaged in the preliminary consideration of his application required under Rule 61(d). The Court finds that, consistent with Rule 61(i) and (d)(5), Mr. Mude's motion should be **SUMMARILY DISMISSED** as untimely.

(5)　　When considering applications for postconviction relief under its criminal rules, this Court addresses any applicable procedural bars before turning to the merits.[8] This policy protects the integrity of the Court's rules and the finality

---

criminal petition); *id.* at §§ 825, 4201(c), and 4205(b)(4) (burglary second degree is a class D felony with a statutory maximum of eight years imprisonment).

[7]　Sentencing Order, *Michale S. Mude*, ID Nos.1302016004 and 1303000324 (Del. Super. Ct. Aug. 29, 2014).

[8]　*See, e.g.*, *Ayers v. State*, 802 A.2d 278, 281 (Del. 2002). *See also Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991); *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (citing *Harris v. Reed*, 489 U.S. 255 (1989)).

of its judgments. Addressing the merits of a case that does not meet procedural requirements effectively renders our procedural rules meaningless.[9]

(6)     Mr. Mude's motion for postconviction relief is controlled by the time limitation provision of Rule 61(i)(1).[10] The Court sentenced Mr. Mude on August 29, 2014. Superior Court Criminal Rule 61(i)(1) requires postconviction motions be filed not "more than one year after the judgment of conviction is final . . ."[11] And the limitation period of Rule 61(i)(1) "begins thirty days after sentencing" if the defendant does not take a direct appeal.[12] In this case, Mr. Mude did not take a direct appeal; therefore, Mr. Mude was required to file his postconviction motion on or before September 28, 2015. He filed his present motion on June 3, 2016, more than eight months too late. Accordingly, Mr. Mude's postconviction motion is plainly procedurally barred as untimely under Superior Court Criminal Rule 61(i)(1).

---

[9]     *See State v. Chao*, 2006 WL 2788180, at *5 (Del. Super. Ct. Sept. 25, 2006) ("To protect the integrity of the procedural rules, the Court should not consider the merits of a postconviction claim where a procedural bar exists."); *State v. Jones*, 2002 WL 31028584, at *2 (Del. Super. Ct. Sept. 10, 2002) (citing *State v. Gattis*, 1995 WL 790961, at *3 (Del. Super. Ct. Dec. 28, 1995)) (same).

[10]     Superior Court Criminal Rule 61(i)(1) states in relevant part: "Time limitation. A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final . . ."

[11]     Super. Ct. Crim. R. 61(i)(1).

[12]     *Jackson v. State*, 654 A.2d 829, 832-33 (Del. 1995).

-4-

(7)     Mr. Mude fails to plead that an exception to Rule 61's procedural time bar applies to his case.[13] He does not claim that this Court lacked jurisdiction,[14] that "new evidence exists that creates a strong inference" of actual innocence,[15] or that "a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to [his] case and renders [his] conviction . . . invalid."[16] So, Mr. Mude has not shown an exception in Rule 61(i)(5) applies, and the time bar to his claim remains intact.

(8)     While Mr. Mude seems to believe otherwise, his UAD claim does not provide some alternative relief from Rule 61's procedural requirements.[17] Even if it could – which the plain language of Rule 61 belies – the Court notes that Mr. Mude also has misinterpreted Delaware's UAD statute. Under the UAD, "prisoners incarcerated in a foreign state who have charges pending in Delaware have specific rights to a trial in Delaware within 180 days of the giving of proper

---

[13]     *Turnage v. State*, 127 A.3d 396 (Del. 2015). *See also State v. Roy*, 2016 WL 1621589, at *4 (Del. Super. Ct. Apr. 21, 2016).

[14]     Del. Super. Ct. Crim. R. 61(i)(5) ("The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision [i] shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.").

[15]     Del. Super. Ct. Crim. R. 61(d)(2)(i). *See also id.* at (i)(5).

[16]     *Id.* at (d)(2)(ii). *See also id.* at (i)(5).

[17]     Def. Rule 61 Mot. at 3-4.

written notice of a demand for same."[18] Mr. Mude entered a guilty plea on July 10, 2014.[19] It is undisputed that the 180-day UAD deadline was July 20, 2014.[20] As happened here, no UAD violation exists where a defendant enters a guilty plea before the expiration of the UAD's deadline.[21] That Mr. Mude's sentencing occurred more than 180 days after his request for disposition of his Delaware charges is of no moment.[22]

---

[18]     *State v. Faison*, 2005 WL 697947, at *2 (Del. Super. Ct. Mar. 7, 2005) (quoting *State v. Davis*, 1993 WL 138993, at *2 (Del. Super. Ct. Apr. 7, 1993). *See also* DEL. CODE ANN. tit. 11, § 2542 (2014).

[19]     *See* D.I. 10 – ID No. 1302016004; D.I. 11 – ID No. 130300324.

[20]     *See, e.g.,* Def. Mem. of Law at 4.

[21]     *See, e.g., Alexander v. State*, 2008 WL 4809624 (Del. Nov. 5, 2008) (holding that a valid guilty plea acts as a waiver to any postconviction claims of relief of any alleged errors or defects that happened before the entry of the plea, and that "[b]ecause [defendant's] claim of improprieties under the Uniform Agreement on Detainers implicates alleged errors or defects occurring prior to the entry of his plea," the claim was waived); *Benner v. State*, 2007 WL 4215005 (Del. Nov. 30, 2007) (finding that voluntary guilty plea waived claims that time limit under UAD was violated); *State v. Bryant*, 2010 WL 5313480, at *3 (Del. Super. Ct. Nov. 29, 2010) (denying UAD violation claim where defendant pled guilty before expiration of UAD § 2543's 120-day trial deadline); *Clifton v. Britton*, 2015 WL 4477695 at *4 (D. Del. July 22, 2015) (denying UAD violation where defendant entered his guilty plea before the expiration of the UAD's detainer deadline).

[22]     *See Guy v. State*, 2006 WL 2986996 (Del. Oct. 19, 2006) (UAD does not apply to a defendant whose charges already had been resolved by guilty plea and is solely awaiting sentencing); *see also State v. Lewis*, 422 N.W.2d 768, 771 (Minn. Ct. App. 1988) ("the term 'trial' in [Minnesota's UAD statute] does not include sentencing"); *People v. Ball*, 889 N.Y.S.2d 745, 746 (N.Y. App. Div. 2009) ("Defendant was not untried given his guilty plea . . . and [New York's UAD statute] is inapplicable where guilt has been established and defendant is awaiting sentencing") (citations omitted); *People v. Hastings*, 903 P.2d 23, 27 (Colo. Ct. App. 1994), *as modified on denial of reh'g* (Feb. 16, 1995) ("Under the deferred sentence statute, a defendant's guilt is determined by the acceptance of defendant's guilty plea . . . Thus, the phrase 'untried indictment, information, or complaint' as used in the UMDDA does not apply to those situations in which a defendant has entered a guilty plea and the sentence is deferred. Here, the

-6-

(9)     Having engaged in the preliminary consideration of the application required under Rule 61(d), the Court finds that "it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that [Mr. Mude] is not entitled to relief."[23]   His Motions for Postconviction Relief and Appointment of Counsel, therefore, must be and are **SUMMARILY DISMISSED.**

**SO ORDERED this 7th day of July, 2016.**

_____

**PAUL R. WALLACE, JUDGE**

Original to Prothonotary

cc:     Daniel McBride, Deputy Attorney General
        Micahel C. Heyden, Esquire
        Mr. Michael S. Mude, *pro se*

---

determination of defendant's guilt was complete, no further charges were pending, and therefore, the time requirement of the UMDDA was not triggered.").

[23]     Del. Super. Ct. Crim. R. 61 (d)(5) ("Summary dismissal. If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified.").