IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY CAMPBELL, | § | |
| | § | No. 247, 2021 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID Nos. 1906003541A (N) |
| | § | 1906003541B (N) |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 27, 2021
Decided: March 8, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## ORDER

After careful consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, the State's response, and the record on appeal, it appears to the Court that:

(1) On January 22, 2020, the appellant, Jeffrey Campbell, resolved two criminal cases and two violations of probation in an unrelated case (the "Sussex case") by pleading guilty to one count of unlawful sexual contact by a sex offender against a child and three counts of dealing in child pornography. In exchange, the State (i) *nolle prosequied* seven charges of dealing in child pornography and one count of sexual solicitation of a child and (ii) agreed to cap its sentencing recommendation to fifteen years of unsuspended Level V incarceration. The

Superior Court ordered a presentence investigation and deferred sentencing. Sentencing, initially scheduled for July 10, 2020, was continued several times because in-person proceedings were temporarily suspended because of COVID-19 safety concerns and Campbell preferred to be sentenced in person. On July 9, 2021, the Superior Court sentenced Campbell to a total of sixteen years of unsuspended Level V incarceration, followed by decreasing levels of supervision, and discharged Campbell as unimproved from probation in the Sussex case. This is Campbell's direct appeal.

(2) Campbell's counsel on appeal has filed a brief and a motion to withdraw under Rule 26(c). Counsel asserts that he has made a conscientious examination of the record and the law and has concluded that the appeal is wholly without merit. Campbell's attorney informed Campbell of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief. Counsel also informed Campbell of his right to supplement his attorney's presentation. Campbell has submitted points for this Court's consideration. The State has responded to Campbell's arguments and has moved to affirm the Superior Court's judgment.

(3) The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold. First, the Court must be satisfied that defense counsel has made a conscientious

2

examination of the record and the law for claims that could arguably be raised on appeal.[1] Second, the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[2]

(4)    In his points, Campbell: (i) complains that his sentence exceeds the State's recommendation; (ii) challenges the number of times he had been found in violation of the terms of his probation in the Sussex case; (ii) alleges that the Superior Court unduly emphasized his use of a "secret" phone—the use of which gave rise to the convictions at issue in this appeal—because he only possessed it for six weeks; (iv) complains that he has been disproportionately punished because he was unable to participate in Department of Correction programs and earn good-time credit because he agreed to postpone his sentencing until in-person court proceedings resumed.

(5)    As this Court has held repeatedly, "a voluntary guilty plea constitutes a waiver of any alleged errors or defects [that occurred] prior to the entry of the plea."[3] Campbell complains that certain facts—the number of times he had been found in violation of the terms of his probation in the Sussex case and the length of time he

---

[1] *Penson v. Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wis.*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

[2] *Penson*, 488 U.S. at 81-82.

[3] *Benner v. State*, 2007 WL 4215005, at *1 (Del. Nov. 30, 2017).

possessed a secret phone—were misrepresented at sentencing hearing. Notably, Campbell does not challenge the voluntariness of his decision to plead guilty or his actual guilt. In any event, the sentencing transcript reflects that (i) counsel clarified for the court that Campbell had only been found in violation of the terms of his probation in the Sussex case on eight prior occasions and (ii) Campbell, himself, told the sentencing judge that he had possessed the hidden phone for somewhere between six weeks and two months.

(6) To the extent that Campbell complains that the Superior Court sentenced him in excess of the State's recommendation, our review of a sentence is "limited to whether the sentence is within the statutory limits prescribed by the General Assembly and whether it is based on factual predicates [that] are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[4] As Campbell acknowledged at the plea colloquy, he is guilty of the crimes to which he pleaded guilty. And, as Campbell candidly admits on appeal, his sentence falls within the statutory limits prescribed by the legislature. Finally, we have reviewed the sentencing transcript carefully and find no evidence that the court sentenced him with a closed mind.

(7) Campbell's claims regarding good-time credit also lack merit. The awarding and calculation of good time credit is left to DOC's discretion, subject to

---

[4] *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

its rules and regulations.[5]  "Good time does not exist as a matter of constitutional right."[6]  To the extent that Campbell argues he was not permitted to participate in DOC programs during the time he was incarcerated and awaiting sentencing, this inability was Campbell's own doing: he *chose* to postpone his sentencing in order to appear in court in person.

(8)    The Court has reviewed the record carefully and has concluded that Campbell's appeal is wholly without merit and devoid of any arguably appealable issue.  We also are satisfied that Campbell's counsel has made a conscientious effort to examine the record and the law and has properly determined that Campbell could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.  Counsel's motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[5] *Morgan v. State*, 2015 WL 4066768, at *1 (Del. July 1, 2015).

[6] *Snyder v. Andrews*, 708 A.2d 237, 242 (Del. 1998).