# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
     )
     )
v.      )      Case ID No.: 2005003004
     )
     )
CAMERON MCCARY,      )
     )
Defendant.      )

## <u>ORDER</u>

Submitted: May 24, 2022
Decided: July 20, 2022

*Upon Consideration of Defendant's Motion for Postconviction Relief*,
**DENIED.**

Erica Flaschner, Deputy Attorney General, Department of Justice, Wilmington, Delaware. *Attorney for the State*.

Cameron McCary. *Pro se.*

**MEDINILLA, J.**

**AND NOW TO WIT**, this 20th day of July, 2022, upon consideration of Defendant Cameron McCary ("Defendant")'s Motion for Postconviction Relief, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

**Factual and Procedural History**

1.      In May of 2020, the Delaware State Police began surveillance of the Crown Motel on N. Dupont Highway for drug dealing activity.[1]  It was learned that Defendant was staying at the motel and was serving Level II probation.[2]  The Crown Motel was not Defendant's residence listed with the Probation Office.[3]  Through continued observations of Defendant, the police observed what they believed to be drug dealing activities.[4]

2.      Probation officers obtained permission to conduct an Administrative Search of Defendant's motel room, wherein Defendant was present during the search.[5]  The probation officers recovered multiple illicit drugs, prescription medications, drug paraphernalia, $1,715 in cash, and a loaded 9mm handgun.[6]

3.      On August 24, 2020, a grand jury indicted Defendant for six counts of Drug Dealing, three counts of Drug Possession, Possession of a Firearm During the

---

[1] State's Response, D.I. 56, at 1 [hereinafter State's First Response].
[2] *Id.* at 2.
[3] *Id.*
[4] *Id.*
[5] *Id.* at 3.
[6] *Id.*

Commission of a Felony ("PFDCF"), Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited ("PABPP"), and Possession of Drug Paraphernalia.[7]

4. Defendant filed a Motion to Suppress on October 21, 2020.[8] The suppression hearing was conducted over the span of several days on May 6, June 2, and June 10 of 2021.[9] The Superior Court reserved decision, eventually denying the motion on August 13, 2021.[10]

5. On August 16, 2021, after an appropriate colloquy, Defendant pled guilty to PFDCF and Drug Dealing Heroin Tier 2.[11] The State entered a *nolle prosequi* on the remaining charges and agreed to recommend the minimum mandatory sentence of three years incarceration. The Court followed the recommendation and Defendant was sentenced immediately to a minimum mandatory sentence of three years for the PFDCF charge[12] and fifteen years at Level V, suspended for 18 months at Level III for the Drug Dealing Tier 2 charge.[13]

---

[7] Indictment, True Bill Filed. No. 67, D.I. 5.

[8] *See* Motion to Suppress Filed, D.I. 7. A reindictment was filed on April 12, 2021, with amendments for plea purposes. *See* Reindictment - True Bill Filed. No. 79, D.I. 25.

[9] *See* Suppression Hearing Held Before Judge Adams, D.I. 36; Suppression Hearing Held Before Judge Adams, D.I. 39.

[10] *See* Motion to Suppress Denied, D.I. 45.

[11] *See* Final Case Review: Defendant Pled Guilty/Sentenced, D.I. 47.

[12] *See* 11 *Del. C.* § 1447(A)(b) ("A person convicted under subsection (a) of this section shall receive a minimum sentence of 3 years at Level V….").

[13] *See* Sentence: Approved Corrected ASOP Order Signed and Filed, D.I. 49.

6. On October 22, 2021, Defendant filed this *pro se* Motion for Postconviction Relief claiming ineffective assistance of counsel.[14] He raises five separate claims that relate to his suppression hearing. First, he contends his attorney's failed to argue "illegal arrest."[15] Second, that his attorney failed to make a "stalking horse" argument as to the police's use of probation officers.[16] Third, that his attorney failed to compel certain probation officers who conducted the "phone conference" to testify at the hearing.[17] Fourth, that he "was arrested without probable cause which was pursued by an administrative warrant by probation[,]"[18] and lastly, that his attorney failed to file a motion for reconsideration/reargument.[19]

7. Defense counsel filed an Affidavit of Response on March 8, 2022.[20] A second Affidavit was filed on May 23, 2022.[21] The State responded on March 14, 2022,[22] and filed a supplemental response on May 24, 2022.[23] Defendant did not file a reply. This matter is now ripe for decision.

---

[14] *See* Motion for Postconviction Relief, D.I. 52 [hereinafter Rule 61 Motion].
[15] *Id.* at 3.
[16] *Id.*
[17] *Id.* at 4.
[18] *Id.*
[19] *Id.* at 3.
[20] *See* Affidavit of Response, D.I. 55 [hereinafter First Affidavit].
[21] *See* Second Affidavit of Response, D.I. 59 [hereinafter Second Affidavit]. The supplement was filed at the direction of the Court.
[22] *See* State's Response, D.I. 56 [hereinafter State's First Response].
[23] *See* State's Response, D.I. 58 [hereinafter State's Second Response]. The supplement was filed at the direction of the Court.

**Standard of Review**

8.     To succeed on his ineffective assistance of counsel claims, Defendant must demonstrate: (1) "that trial counsel's performance was objectively unreasonable"[24] and (2) that if counsel was deficient, that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[25]  Mere allegations of ineffectiveness are not enough.[26] Counsel "may not be faulted for reasonable miscalculation or lack of foresight or for failing to prepare for what appear to be remote possibilities."[27]  There is a strong presumption that a defense counsel's conduct constituted sound trial strategy[28] and Defendant must make and substantiate concrete allegations that overcome this strong presumption that counsel's conduct fell within a wide range of reasonable professional assistance.[29]  Finally, a reviewing court must "avoid peering through the lens of hindsight."[30]

---

[24] *Sykes v. State*, 147 A.3d 201, 211 (Del. 2015) (citing *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

[25] *Strickland*, 466 U.S. at 694.

[26] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[27] *State v. Finn,* 2012 WL 1980566, at *4 (Del. Super. May 23, 2012) (citing *Harrington v. Richter,* 562 U.S. 86, 102–10 (2011)).

[28] *Strickland*, 466 U.S. at 694.

[29] *See Salih v. State*, 962 A.2d 257, 2008 WL 4762323, at *1 (Del. Oct. 31, 2008) (Table); *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

[30] *State v. Wright,* 653 A.2d 288, 295 (Del. Super. 1994).

**Discussion**

9.     Superior Court Criminal Rule 61 is the exclusive remedy for persons "in custody under a sentence of this court seeking to set aside the judgment of conviction. . . ."[31]  This Court "must first consider the procedural requirements of Rule 61 before addressing any substantive issues."[32]  The procedural "bars" of Rule 61 are: timeliness,[33] repetitiveness,[34] procedural default,[35] and former adjudication.[36] The contentions in a Rule 61 motion must be considered on a "claim-by-claim" basis.[37]

10.     Defendant is not procedurally barred as this is Defendant's first motion for postconviction relief and was timely filed.[38]  His claims will therefore be addressed.

---

[31] Super. Ct. Crim. R. 61(a)(1).  *See, e.g.*, *Warnick v. State*, 158 A.3d 884, 2017 WL 1056130, at *1 & n.5 (Del. Mar. 30, 2017) (Table) (citing *Miller v. State*, 157 A.3d 190, 2017 WL 747758 (Del. Feb. 24, 2017) (Table)) (denying Rule 35(a) motion attacking sufficiency of evidence in indictment to which defendant pleaded guilty; defendant's "challenge [of] his indictment is outside the scope of Rule 35(a)" and was limited to Rule 61).

[32] *Bradley v. State*, 135 A.3d 748, 756–57 (Del. 2016) (citing *Younger*, 580 A.2d at 554); *see also* Super. Ct. Crim. R. 61(i) (setting forth Rule 61's procedural bars).

[33] Super. Ct. Crim. R. 61(i)(1).  *See, e.g.*, *Evick v. State*, 158 A.3d 878, (2017 WL 1020456, at *1 (Del. Mar. 15, 2017) (Table) (affirming denial of Rule 61 motion as untimely when filed more than two years after conviction became final).

[34] Super. Ct. Crim. R. 61(i)(2).  *See, e.g.*, *Walker v. State*, 154 A.3d 1167, 2017 WL 443724, at *1–2 (Del. Jan. 17, 2017) (Table) (denying defendant's third postconviction relief motion as repetitive; "Rule 61 provides a limited window for judicial review, especially upon a repetitive motion.").

[35] Super. Ct. Crim. R. 61(i)(3).

[36] Super. Ct. Crim. R. 61(i)(4).

[37] *State v. Reyes*, 155 A.3d 331, 342 n.15 (Del. 2017) (citations omitted) ("Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule.").

[38] *See* Super. Ct. Crim. R. 61(i)(1).

6

11.    Our Supreme Court has repeatedly held that "'a voluntary guilty plea constitutes a waiver of any alleged errors or defects [that occurred] prior to the entry of the plea.'"[39]  On August 16, 2021, this Court conducted an appropriate colloquy and determined Defendant entered into the plea knowingly, intelligently and voluntarily, with an acknowledgement that he was satisfied that his attorney had done what he could reasonably do for him.[40]  Accordingly, any defects in the suppression hearing or corresponding motions were waived when Defendant knowingly, intelligently, and voluntarily pled guilty.[41]  Even if the Court considered the five grounds asserted, Defendant fails to establish a basis for relief.

12.    First, as to the allegation that his attorney failed to argue that Defendant was illegally arrested, Defendant is incorrect.  Counsel did, in fact, argue that Defendant was arrested and not just stopped.[42]  It is clear in Defendant's Reply to his Motion to Suppress that defense counsel argued that Defendant was arrested, not stopped, prior to the search of his hotel room, which resulted in an illegal seizure

---

[39] *Campbell v. State*, 274 A.3d 286, 2022 WL 678001, at *2 (Del. Mar. 8, 2022) (Table) (quoting *Benner v. State*, 2007 WL 4215005, at *1 (Del. Nov. 30, 2017)); *see also Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003) ("Finally, to the extent Miller bases his claims on alleged errors or defects preceding the entry of his plea, his voluntary guilty plea constitutes a waiver of any such claims.") (citing *Downer v. State*, 543 A.2d 309, 312–13 (Del. 1988)).
[40] *See* Final Case Review: Defendant Pled Guilty/Sentenced, D.I. 47 (Plea Colloquy conducted).
[41] *See Cooper v. State*, 954 A.2d 909, 2008 WL 2410404, at *1 (Del. June 16, 2018) (Table) (declining to consider ineffective assistance of counsel claims raised in movant's motion for postconviction relief because they were "not presented to the Superior Court in the first instance.").
[42] *See* First Affidavit, at 1; State's First Response, at 4.

and the recovered evidence should be suppressed.[43]  Accordingly, Defendant's claim that his attorney failed to make this argument is patently wrong.

13.  Defendant's second allegation that counsel was ineffective for failing to raise the "stalking horse" argument at the suppression hearing is equally without merit.  The Court accepts defense counsel's explanation that the argument was not raised because "[he] did not believe this was a viable basis for relief."[44]  There is a strong presumption that a defense counsel's strategy is reasonable[45] and mere allegations of defective representation are insufficient to overcome this presumption.[46]  To second guess such strategies is improper.[47]  Defendant fails to establish how his attorney's decision fell below an objective standard of reasonableness or that such an argument would have resulted in a different outcome.[48]  Therefore, this argument fails.

14.  Defendant's third assertion is that his attorney was ineffective where he failed to file a motion for reargument.[49]  The Court accepts Defense counsel's explanation that such a motion was not filed because "[he] did not believe that it

---

[43] *See* Defendant's Reply to State's Response to Defendant's Motion to Suppress, D.I. 17, at 1–3.
[44] First Affidavit, at 2.
[45] *Strickland*, 466 U.S. at 694.
[46] *See Younger*, 580 A.2d at 556.
[47] *Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").
[48] *See id.* at 694.
[49] Rule 61 Motion, at 3.

would impact the ruling, or even that it was an appropriate basis for a motion for reargument."[50]  He is correct.

15.    Under Delaware Superior Court Civil Rule 59(e)[51] a motion for reargument will be granted if the Court has "overlooked a controlling precedent or legal principles, or the court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[52]  Further, "[a] motion for reargument is not a device for raising new arguments."[53]  The moving party has the burden of demonstrating "newly discovered evidence, a change of law, or manifest injustice."[54]  There was no basis for filing a motion for reargument here.  Moreover, Defendant has failed to establish that had his attorney filed for reargument, the Motion to Suppress would have been granted.[55]  Therefore, this argument fails.

16.    Defendant's fourth claim is that he was arrested without probable cause and his arrest is therefore illegal.[56]  Not only does he fail to articulate the basis of an ineffective assistance of counsel claim, the record establishes that his counsel *did*

---

[50] First Affidavit, at 2.
[51] Under Super. Ct. Crim. R. 57(d), where no rule is provided "the court shall regulate its practice in accordance with the applicable Superior Court civil rule or in any lawful manner not inconsistent with these rules or the rules of the Supreme Court."
[52] *See, e.g.*, *Tibco Software Inc., v. Nthrive Revenue Systems*, LLC, 2020 WL 86829, at *1 (Del. Super. Jan. 6, 2020) (quoting *Bd. of Managers of Del. Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003)).
[53] *Bd. of Managers of Del. Criminal Justice Info. Sys.*, 2003 WL 1579170, at *1.
[54] *E.I. du Pont de Nemours & Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995).
[55] *See Strickland*, 466 U.S. at 694.
[56] Rule 61 Motion, at 4.

raise this issue at the suppression hearing.[57]  The issue of lack of probable cause was raised in both the Motion to Suppress[58] and the Reply.[59]  This argument was formerly adjudicated and is thus barred.[60]

17.    Lastly, Defendant claims his attorney was ineffective where he failed to compel the appearance of "the actual probation officers who conducted the phone conference" [procedurally required for their administrative searches][61] and that these "officers were required to testify."[62]  He is wrong.

18.    This Court agrees with both defense counsel and the State that there is no such requirement under Probation and Parole Procedure 7.19.  Moreover, this Court accepts defense counsel's explanation that he was aware the officer was not going to be present at the suppression hearing and "made a strategic decision to not subpoena him . . . because [he] believed it would be harmful to [Defendant's] argument . . . by providing the State an opportunity to 'explain' inconsistencies . . . ."[63]  As noted above, there is a strong presumption that a defense counsel's strategy is reasonable[64] and mere allegations of defective representation are insufficient to

---

[57] *See* Second Affidavit, at 1; State's Second Response, at 2.
[58] *See* Motion to Suppress, D.I. 7, at 4–8.
[59] *See generally* Defendant's Reply to State's Response to Defendant's Motion to Suppress, D.I. 17.
[60] *See* Super. Ct. Crim. R. 61(i)(4).
[61] *See* Probation and Parole Procedure, 7.19.
[62] Rule 61 Motion, at 4.
[63] Second Affidavit, at 2.
[64] *Strickland*, 466 U.S. at 694.

overcome this presumption.[65] Defendant has also failed to establish that such a decision was unreasonable or that the outcome would have been different had the officer testified at the suppression hearing.[66] Therefore, this claim fails.

## Conclusion

19. For the foregoing reasons, the Court finds that Defendant fails to meet his burden to demonstrate objective unreasonableness and prejudice as required under *Strickland*. Defendant's Motion for Postconviction Relief is **DENIED.**


/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge


oc:  Prothonotary
cc:  Defendant
     Elliot M. Margules, Esquire

---

[65] *See Younger*, 580 A.2d at 556.
[66] *See Strickland*, 466 U.S. at 694.

11