**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | I.D. Nos.:  2101011771 |
| v. | ) |               1909003409 |
| | ) | |
| ENOCH JOHNSON, | ) | |
| | ) | |
| Defendants. | | |

**ORDER ON DEFENDANT'S MOTION
FOR POST-CONVICTION RELIEF**

On March 6, 2024, Defendant Enoch Johnson ("Defendant"), filed a Motion for Post-Conviction Relief under Superior Court Criminal Rule 61. Having considered Defendant's Motion, the Affidavit of Counsel and this Court's review of the record, it appears to the Court that:

1. On September 17, 2021, Defendant pled guilty to two charges: Robbery 1st (N21-06-0030-I) and Possession of a Firearm During the Commission of a Felony (PFDCF) (N21-06-0927-I). As to the Robbery 1st charge, Defendant was sentenced to twenty-five (25) years at Level V, suspended after three (3) years at Level V for six (6) months at Level IV, followed by two (2) years at Level III. The three (3) year Level V time is a minimum mandatory sentence. As to the PFDCF charge, Defendant was sentenced to twenty-five (25) years at Level V, suspended after three (3) years at Level V for six (6) months at Level

IV, followed by two (2) years at Level III. Like the Robbery charge, the three (3) year Level V time is also a minimum mandatory sentence. As such, Defendant's sentence reflects a minimum mandatory sentence of six (6) years.

2. Defendant has filed the instant Rule 61 Petition for Post Conviction Relief. Defendant has asserted three grounds for his motion. First, he alleges that his guilty plea was coerced. Second, he alleges ineffective assistance of counsel maintaining that counsel was ignorant of the evidence when he went over the state's plea offer. Third, counsel was ineffective because he failed to pursue the merger of the Robbery First Degree and Possession of a Firearm During the Commission of a Felony.

3. Before addressing the merits of any postconviction claim, the Court must first determine whether the claims pass through the procedural filters of Rule 61.[1] This Court will not address the substantive aspects of Johnson's claims if the claims are procedurally barred.[2] Rule 61 imposes four procedural requirements on Johnson's motion: (1) the motion must be filed within one year of a final order of conviction; (2) any basis for relief must have been previously asserted in any prior postconviction proceedings; (3) any basis for relief must have been asserted at trial or on direct appeal as required by court rules; and (4) any basis for relief must not have been formerly adjudicated in any proceeding. Under

---

[1] *See Younger v. State*, 580 A.2d 552, 554 (Del. 1990) ("This Court applies the rules governing procedural requirements before giving consideration to the merits of the underlying claim for postconviction relief.").
[2] *See Id.*

Rule 61(i)(5), a defendant may avoid the first three procedural imperatives if the claim is jurisdictional or is a "colorable claim that there was a miscarriage of justice because of a constitutional violation."[3] Further, challenges based on ineffective assistance of counsel may only be raised during a defendant's first Rule 61 proceeding.[4]

4. Defendant was sentenced on September 17, 2021. There was no appeal taken of that sentence. As such, any post-conviction proceeding was required to be filed on or before September 17, 2022. The instant petition was filed on March 16, 2024. Therefore, Defendant's motion for post-conviction relief is untimely. Even if it was timely, the motion lacks merit.

5. Defendant's first claim for relief is that his plea was coerced. There are no procedural defects in the plea colloquy.[5] In the absence of clear and convincing evidence to the contrary, Johnson remains bound by the answers he provided during his guilty plea colloquy.[6] These statements are "presumed to be truthful"[7] and pose a "formidable barrier to a collateral attack on a guilty plea."[8] Johnson's bare allegations that the plea was coerced without additional

---

[3] Super. Ct. Crim. R. 61(i)(5).
[4] *See Wing v. State*, 690 A.2d 921, 923 (Del. 1996).
[5] One of the arguments made in the defendant's motion is that he was not properly indicated and therefore the plea was defective because he did not sign a waiver of indictment. The record reflects that during the plea colloquy the Judge specifically addressed that the defendant had a right to be indicted and that he was waiving his right to indictment. On this record there is no error due to the Defendant's failure to sign a waiver of indictment.
[6] *Id.* at 632.
[7] *Id.*
[8] *Blackledge v. Allison,* 431 U.S. 63, 64 (1977).

evidence is not sufficient to establish clear and convincing evidence to the contrary.[9] In fact, Johnson's claim that the plea was coerced is inconsistent with the affidavit of counsel. John Malik represented Johnson. The Court requested an affidavit from Mr. Malik. In that affidavit Mr. Malik wrote the "Defense counsel conferred with Mr. Johnson after receiving the revised plea offer and explained to Mr. Johnson the benefits of the revised plea offer. Johnson advised defense counsel that he wished to accept the State's revised plea offer that carried a six (6) year mandatory minimum Level V Sentence of incarceration rather than the eight (8) year mandatory Level V Sentence of incarceration that the plea offer extended at the June 7, 2021 Final Case review.[10] The Court has reviewed the plea colloquy and the truth in sentencing documents signed by Johnson; there is simply no evidence to support the bare allegation that the Defendant's plea was coerced.

6. Next, Defendant claims that counsel was ineffective because he had not received the State's evidence and as such he was ignorant of the evidence against the Defendant when he discussed the state's plea deal with the Defendant. Ineffective assistance of counsel claims are governed by the two-prong test set forth in *Strickland v. Washington*.[11] The *Strickland* test requires the defendant to prove "counsel's representation fell below an objective

---

[9] *State v. Brooks*, No. 2011001029, 2022 WL 2229780, *6 (Del. Super. Ct. June 21, 2022).
[10] *D.E. 24* – Affidavit of John Malik, Esquire, May 1, 2024.
[11] *See Albury v. State*, 551 A.2d 53 (Del. 1988).

standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[12] Evaluating counsel's conduct begins with a "strong presumption" the representation was reasonable.[13] This presumption is meant to avoid the "distorting effects of hindsight."[14] In order to successfully allege ineffective assistance of counsel, a petitioner must show that counsel's performance both: 1) fell below "an objective standard of reasonableness,"[15] and 2) resulted in prejudice.[16] Under the performance prong, the Delaware Supreme Court has held that "it is all too easy for a court examining counsel's defense after it has proved unsuccessful to succumb to the distorting effects of hindsight."[17] As such, trial counsel's "actions are afforded a strong presumption of reasonableness and that reviewing court must "reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from the counsel's perspective at the time."[18]

Defendant pled guilty based on an Information and therefore, the State had not yet produced its discovery materials to defense counsel. However, there

---

[12] *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Per *Strickland*, the Court is to begin its analysis under the strong presumption that the conduct of defense counsel constituted sound trial strategy. *See id.* at 689.
[13] *Albury*, 551 A.2d at 59.
[14] *Id.* at 60. The *Strickland* Court explained that an error by trial counsel, even if professionally unreasonable, does not warrant setting aside the judgment of conviction if the error had no effect on the judgment. *See Strickland*, 466 U.S. at 691.
[15] *Strickland*, 466 U.S. 668; *Williams*, 529 U.S. 362; *Wiggins*, 539 U.S. 510; *Rompilla*, 545 U.S. 374.
[16] *Id.*
[17] *Neal v. State*, 80 A.3d 935, 942 (Del. 2013) (quoting *Strickland*, 466 U.S. 689).
[18] *D.E. 24*.

was a preliminary hearing that was conducted by defense counsel. The preliminary hearing informed defense counsel of the evidence against Johnson. As explained by defense counsel in his affidavit:

> "Defense counsel conducted a formal preliminary hearing on the case at bar on March 15, 2021 at which the arresting officer testified to the specifics of the prosecution's case against Mr. Johnson as outlined in the three and one half page detailed Affidavit of Probable Cause in support of the arrest warrant issued on this case. Defense counsel reviewed the Affidavit of Probable Cause with Mr. Johnson prior to his March 15, 2021 Preliminary Hearing in the Court of Common Pleas and explained the evidence the prosecution had against him, which include the evidence linking him to the home invasion in question based on a unique pair of black and purple Air Jordan sneakers that one of the victims identified Mr. Johnson as waring during the home invasion. The Affidavit of Probable Cause, which is part of the Court's file in this case includes the summary of the arresting officers who saw Mr. Johnson fleeing from the rear kitchen window of the apartment that was the subject of the home invasion. In the path that Mr. Johnson took as he fled, police officers found discarded items that include the victim's apartment keys and the same unique pair of black and purple Air Jordan sneakers Mr. Johnson had been wearing inside the apartment. When police officers apprehended Mr. Johnson near the area of the discarded apartment keys and Air Jordan sneakers, Mr. Johnson was only wearing socks.
>
> Defense counsel made Mr. Johnson aware of the existence of the inculpatory evidence that existed in this case well in advance of the entry of his guilty plea on June 21, 2021."

On this record there is simply no evidence to support an ineffective assistance of counsel claim based on an allegation that counsel was ignorant of the evidence against the defendant in the context of plea discussions when the record demonstrates otherwise.

7. Johnson's final basis for relief is that counsel was ineffective for because he "failed to pursue a merger of the Robbery 1st and PFDCF offenses." Johnson maintains that he should not have been convicted and sentenced for both the Robbery First Degree and Possession of a Firearm During the Commission of a Felony offenses under Delaware Law. In a prior motion to modify sentence under Rule 35, Johnson made this identical argument. In denying his prior motion for Modification of Sentence, this Court ruled that the language of the PFDCF statute is clear evidence that the General Assembly intended to punish PFDCF and any underlying offenses as separate offenses.[19] On appeal of this Court's order, the Supreme Court affirmed this ruling.[20] Johnson's claim for relief on this point is denied.

Defendant's Motion for Postconviction relief and his accompanying motion for appointment of counsel be and hereby are **DENIED**.

**IT IS SO ORDERED** this 21st day of May, 2024**.**

/s/ Francis J. Jones, Jr.
Francis J. Jones, Jr. Judge

cc: *Original to the Prothonotary*
Matthew Hicks, Deputy Attorney General
John S. Malik, Esquire
Mr. Enoch Johnson, SBI No.: 006698084, HRYCF

---

[19] *D.E. 10*: Order, Def.'s Motion to Reduce and/or Modify his Sentence. Denied May 23, 2023; Jones, J.
[20] *Johnson v. State*, 2023 WL 6996278 (Del. 2023).