# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D.: 2008002632 |
| | ) | |
| AQUAN J. HILTON, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER
### *On Defendant's Motion for Postconviction Relief*

### DENIED

On March 27, 2024 Defendant Aquan J. Hilton ("Defendant"), filed a Motion for Post-Conviction Relief under Superior Court Criminal Rule 61. Having considered Defendant's Motion; trial counsel's affidavit; Appointed Counsel's Motion to Withdraw and Memorandum in support thereof with Appendix;[1] and this Court's review of the record it appears to the Court that:

1. On May 9, 2022, a stipulated bench trial was held in the above matter. The stipulated bench trial followed this Court's denial of Defendant's Motion to Suppress. At the conclusion of the stipulated bench trial, Defendant was found guilty of Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited. Defendant was sentenced to a minimum mandatory term of 10 years at Level V followed by decreasing levels of probation. Defendant filed an

---

[1] On May 12, 2025, Defendant was advised that he had 30 days to file a response following counsel's Motion to Withdraw. No response has been filed.

appeal to the Delaware Supreme Court where he challenged this Court's decision on the Motion to Suppress. The Delaware Supreme Court affirmed the Defendant's conviction holding that the Court was correct in denying Defendant's Motion to Suppress.

2. Defendant filed the instant Rule 61 Petition for Post Conviction Relief. Defendant asserted two grounds for his Motion. First, he alleges ineffective assistance of counsel maintaining that the suppression motion was inadequate. Second, Defendant alleges ineffective assistance of counsel because counsel did not have an effective trial strategy and was unprepared for trial which resulted in a stipulated bench trial.

3. At Defendant's request, counsel was appointed to represent him in this Rule 61 petition. On May 12, 2025 appointed counsel filed and served a Motion to Withdraw, Memorandum in Support of the Motion to Withdraw and an Appendix. Mr. Hilton was informed by trial counsel that he had 30 days to file a response to the motion to withdraw.

4. Before addressing the merits of any postconviction claim, the Court must first determine whether the claims pass through the procedural filters of Rule 61.[2] This Court will not address the substantive aspects of Hilton's claims if the claims are procedurally barred.[3] Rule 61 imposes four procedural requirements on

---

[2] *See Younger v. State*, 580 A.2d 552, 554 (Del. 1990) ("This Court applies the rules governing procedural requirements before giving consideration to the merits of the underlying claim for postconviction relief.").
[3] *See Id.*

Hilton's motion: (1) the motion must be filed within one year of a final order of conviction; (2) any basis for relief must have been previously asserted in any prior postconviction proceedings; (3) any basis for relief must have been asserted at trial or on direct appeal as required by court rules; and (4) any basis for relief must not have been formerly adjudicated in any proceeding. Rule 61(i)(5) precludes these bars from applying to claims that the court lacked jurisdiction over and to subsequent postconviction motions made that meet one of the following requirements: either (1) the motion "pleads with particularity" that new evidence has come to light creating a "strong inference the movant is actually innocent," or (2) the motion "pleads with particularity" that a constitutional law reviewed retroactively by the Delaware Supreme Court or the Supreme Court of the United States invalidates movant's conviction.[4] Further, challenges based on ineffective assistance of counsel may only be raised during a defendant's first Rule 61 proceeding.[5]

5. Defendant's ineffective of assistance of counsel claim based on the adequacy of the suppression motion is barred as being formerly adjudicated. The Superior Court's decision on the suppression motion was the subject of Defendant's appeal to the Supreme Court. The Supreme Court directly addressed the issue and determined that there had been no 4th Amendment violation of Defendant's rights. As such, this challenge is barred pursuant to Superior Court Criminal Rule 61. Even if not barred, and even if the Motion had not been properly presented to the Superior

---

[4] Super. Ct. Crim. R. 61(d)(2)(i)-(ii); (i)(5).
[5] *See Wing v. State*, 690 A.2d 921, 923 (Del. 1996).

Court there was no prejudice to the Defendant as the Motion was fully presented to the Delaware Supreme Court which rejected the claim as being without merit.

6. Defendant next contends that counsel was ineffective for advocating for a plea bargain in this case and for failing to produce a sound strategy. In his affidavit to the Court, trial counsel laid out the following facts:

> ***Ground three: ineffective assistance of counsel (IAC): Counsel, Thomas A. Pederson, Esq. provided IAC to defendant b/c counsel failed to advocate for any plea bargain in this case…***
>
> In this claim, Mr. Hilton argues that counsel was ineffective by failing to advocate for a plea bargain and failing to produce a sound trial strategy. Mr. Hilton alleges that counsel was unprepared for trial and that if counsel would have developed a defense strategy that involved a jury trial, he would have been acquitted based primarily on the lack of probable cause.
>
> First, the State extended a plea offer to Mr. Hilton, which he rejected.
>
> Second, there is nothing in the record to support Mr. Hilton's assertion that trial counsel was unprepared for trial. Counsel did in fact produce a sound trial strategy – a stipulated bench trial – that preserved Mr. Hilton's right to appeal the suppression decision while also only resulting in a conviction for PFBPP (rather than risk conviction on all the charged offenses). This was sound strategy in light of the evidence to presented at Mr. Hilton's trial.
>
> Additionally, Mr. Hilton argues that if counsel had developed a defense strategy that involved a jury trial, he would have been acquitted due to a lack of probable cause. As was correctly discussed before Mr. Hilton waived to a bench trial, defense counsel would not be permitted to argue lack of probable cause to the jury. The issue of probable cause was already litigated and the Court found there was probable cause to stop Mr. Hilton, and the issue could not be raised before the jury at trial.
>
> As such, trial counsel's performance was not deficient as it

relates to his trial strategy in this case. Even if counsel's performance was theoretically deficient, Mr. Hilton did not suffer any prejudice.

7. There is nothing in the record to support Mr. Hilton's assertion that trial counsel was unprepared for trial. Counsel did in fact produce a sound trial strategy – a stipulated bench trial – which preserved Mr. Hilton's right to appeal the suppression decision while only resulting in a conviction for PFBPP (rather than risk conviction on all of the charged offenses). Additionally, Mr. Hilton argues that if counsel had developed a defense strategy that involved a jury trial, he would have been acquitted due to a lack of probable cause. The issue of probable cause was already litigated and the Court found there was probable cause to stop Mr. Hilton. This issue could not be raised before the trier of fact.

For these reasons, Mr. Hilton's Motion for Postconviction Relief under Rule 61 be and hereby is DENIED and counsel's Motion to Withdraw be and hereby is GRANTED.

**IT IS SO ORDERED** this 18th day of June, 2025.

 /s/ Francis J. Jones, Jr.
Francis J. Jones, Jr., Judge

cc:     Original to the Prothonotary
        Samuel B. Kenney, Deputy Attorney General
        Kimberly Price, Esquire